pose of them, and receive the proceeds. No unequivocal offer to rescind the acceptance and to return the peas was ever made to the defendants. The conditional offer, which was made long subsequent, was made too late, but, if it had been made in time, it was not an absolute offer of rescission, with a tender back of the goods. The books are full of cases, which it is not necessary to cite, that show that any act of a vendee, treating the goods thus delivered as his own, is inconsistent with a rescission, and is an election to retain the goods, from which a liability for the contract price follows. Thus, upon the undisputed facts, it is entirely clear that plaintiffs were not entitled to recover. This being so, it is unnecessary to examine the various exceptions which appear upon the record, as the dismissal of the complaint was right.

The judgment appealed from should be affirmed, with costs. All concur; PATTERSON, J., in result.

---

(43 App. Div. 143.)

FARRELL v. MANHATTAN RY. CO. et al.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. ELEVATED RAILROAD—DAMAGES—LEASEHOLD.
Where the record, in an action to recover damages on account of the maintenance and operation of an elevated railroad before plaintiff's premises, does not show that plaintiff's possession of the premises (for a period of nine months) between the time of the expiration of his lease and the time he acquired title was wrongful, or that it was otherwise than as a tenant in possession holding over after the expiration of his lease, plaintiff is entitled to recover damages as a tenant during such period; the law implying an agreement to hold for a year on the terms of the prior lease.

2. SAME—DISCLAIMER OF PLAINTIFF.
Where plaintiff's attorney, in an action to recover damages on account of the maintenance and operation of an elevated railroad before plaintiff's premises, stated, before any evidence was given on the trial, that he did not ask for rental damages prior to the time plaintiff bought the premises, an award of damages for a period prior to such time is improper.

3. APPEAL AND ERROR—JURISDICTION OF APPELLATE COURT.
Under Code Civ. Proc. § 1022, providing that the decision of the court or the report of the referee must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, the supreme court on appeal can review all questions of fact and law, and grant the judgment which the facts warrant; and where it appears, in an action to recover damages for the operation of an elevated railroad, that the injury was continuous, the supreme court can deduct from the amount awarded for rental value for the whole period the proportionate amount for the period during which plaintiff had disclaimed any right to recover such rental value, and modify the judgment in that respect.

Appeal from special term, New York county.

Action by Edward D. Farrell against the Manhattan Railway Company and the New York Elevated Railroad Company to enjoin the further unlawful use by defendants of plaintiff's easements of air, light, and access, and for the recovery of such past damages as plaintiff has sustained. There was a judgment for plaintiff, and defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

J. Osgood Nichols, for appellants.

Edwin N. Felt, for respondent.

INGRAHAM, J. The plaintiff's property is No. 73 Bowery, 110 feet north of Canal street, 25 feet in width by 110 feet in depth. There is erected upon this lot a five-story building, which was built in 1865,—long before the construction of the elevated railroad. The judgment awarded to the plaintiff the sum of $4,095 for damages sustained in consequence of the maintenance and operation of the elevated railroad from September 21, 1885,—six years before the commencement of the action,—to May 9, 1898. The judgment enjoins the defendants from maintaining and operating their railroad in front of the plaintiff's premises unless the defendants pay to the plaintiff the further sum of $4,550. As to the amount of damage awarded, both for the fee and rental, we think the awards were quite moderate, and such as were clearly sustained by the evidence, and there is but one question suggested by the defendants which requires discussion.

It appears from the evidence that in 1865 this property was owned by one Donnelly, and by lease dated September 11, 1865, Donnelly leased the property to one Shears for 20 years and 5 months from December 1, 1865 (the tenant to pay the taxes and assessments, and to construct a building, and at the end of the term the building to be valued, and paid for by the lessor); that this lease was assigned to the plaintiff by assignment dated April 19, 1880. The plaintiff testified that he took possession of the premises under this lease, and had been in possession thereof since its date. This lease expired on May 1, 1886. It was also proved that by a conveyance dated February 4, 1887, the plaintiff acquired the fee of the leasehold property, and that since that time he has been in possession of the property under such conveyance. It would thus appear that from May 1, 1886, to February 4, 1887, a period of nine months and three days, the plaintiff has been in possession of the property without proof of title thereto. The court, in making the award for damages to the plaintiff's property on account of the easements, awarded to the plaintiff the sum of $4,095 as damages sustained in consequence of the appropriation of the plaintiff's easements by the defendants from September 21, 1885, to May 9, 1898, the date of the trial; and it would thus appear that there was an award for damages during the time which the plaintiff was in possession of the premises, without his having proved a conveyance of, or title to, the property. There is nothing in the record to show that such possession was wrongful, or that it was otherwise than as a tenant in possession of the premises, holding over after the expiration of his lease. In such a case the law implies an agreement to hold for a year on the terms of the prior lease. Schuyler v. Smith, 51 N. Y. 309; Frost v. Iron Co., 1 App. Div. 449, 37 N. Y. Supp. 374. The plaintiff thus being in possession of the property during the whole period for which the court had awarded such rental damage, either as lessee or as owner of the fee, and having subsequently acquired the fee before the commencement of the action, it would appear that a trespasser would be liable·

to a person thus in possession for any damages caused to the interest of the plaintiff in the property by reason of such trespass. Witmark v. Railroad Co., 149 N. Y. 393, 44 N. E. 78. And as the evidence is sufficient to justify a finding that the plaintiff did sustain damage in consequence of the trespass to the amount awarded by the court for the period named, the judgment might be sustained, were it not for a stipulation or statement made by the plaintiff at the opening of the case as to the period for which the plaintiff claimed a right to recover for damages sustained by the trespass. Before any evidence was given, counsel for the plaintiff stated, "I do not ask for rental damages prior to 1887, when we bought the fee;" and the defendants insist that this was a stipulation that no demand would be made for rental damage prior to that time, and prevents the plaintiff from recovering for the period from September 21, 1885, down to February 4, 1887; being 1 year, 4 months, and 13 days. The plaintiff having thus disclaimed any right to recover prior to February 4, 1887, and the parties having presumably acted upon that disclaimer, we think it was improper for the learned trial judge to award any damage for the period prior to February 4, 1887, when the plaintiff acquired the fee of the property.

The defendants insist that for this error we must award a new trial, as no basis exists upon which we can apportion the damage to the property caused by the trespass. The judgment was entered upon a decision stating concisely the grounds upon which the issues had been decided, and directing judgment to be entered thereon under section 1022 of the Code of Civil Procedure. Under that section of the Code, this court, on appeal, has power to review all questions of fact and law, and may grant to either party the judgment which the facts warrant. The decision states that the ground upon which this award was made to the plaintiff was "that by the taking of said easements the plaintiff from the 21st day of September, 1885, has sustained a loss in the rental value of said premises number 73 Bowery, over and above the value of any and all general and special benefit to said premises arising from the construction, maintenance, and operation of said elevated railroad in front of them, amounting to the sum of four thousand and ninety-five dollars, down to the date of trial of this action, to wit, May 9, 1898." We think the court has the power, under the section of the Code before cited, if it should appear that this loss in the rental value was continuous, and operated over the whole period in the same ratio, to deduct from the amount awarded for rental value for the whole period the proportionate amount for the period during which the plaintiff had disclaimed any right to recover such rental value, and to modify the judgment in that respect, thus directing the judgment to which, under the evidence, the plaintiff would be entitled. From the evidence it appears that the injury to the plaintiff's property in consequence of the trespass was continuous, and operated during the whole period. Nothing appears to show that there was any different injury caused by the trespass during the period for which damages were allowed prior to February 4, 1887. In consequence of this disclaimer, the plaintiff was not entitled to recover for the period prior to that

time; and by deducting the proportionate amount which was allowed for the period from September 21, 1885, to February 4, 1887, from the amount awarded to the plaintiff as damages caused by the trespass, the plaintiff will be awarded the judgment to which he was entitled, and no greater judgment will be awarded against the defendants than the facts warrant.

The cases cited by the defendants in which the court has refused to apportion the award made for rental damage, where it appeared that, for a portion of the time for which the award was made, the plaintiff was not entitled to recover, were all cases where a judgment was awarded upon a decision stating the findings of fact and conclusions of law separately, before the amendment of the Code before referred to, and are not applicable to a judgment entered upon a decision provided by that section of the Code.

The judgment appealed from should therefore be modified by deducting from the amount awarded for the injury to the rental value of the property caused by the trespass the amount of $443.59, the proportionate amount of the award made for the damage prior to February 4, 1887; and as so modified the judgment should be affirmed, without costs of this appeal. All concur.