WIGGINTON, Judge.
Appellants were defendants in an action of eminent domain brought by appellee State Road Department pursuant to the authority of Chapters 73 and 74, Florida Statutes, F.S.A., by which it sought to acquire *511 a road right of way eighty feet wide across a parcel of land owned by appellants. Compensation for the taking of appellants’ land was awarded by the jury and confirmed by the entry of final judgment. It is from that judgment that this appeal is taken.
Appellants acquired a parcel of land in Escambia County on which they established a junk business in 1936. A railroad spur and other improvements were constructed and erected on the property and used in connection with the operation of the business. In 1947 appellants incorporated their business as Pensacola Junk Company, Inc. The business has continuously operated on appellants’ land from the time of its incorporation until the happening of the events which formed a basis for this appeal. Sometime prior to the filing of this suit appellants transferred 35% of the capital stock in their corporation to their two daughters and their respective husbands. The corporation is a closely held family corporation, all the capital stock being owned by members of the family, and the business operated by them. For the past 16 years the corporation has occupied the property owned by appellants without a written lease, for the use of which it has paid to appellants a stipulated monthly rental.
This proceeding in eminent domain was instituted by appellee by a petition filed March 28, 1963. A declaration of taking was filed pursuant to F.S. Chapter 74, F.S.A., and appraisers were duly appointed who subsequently filed with the court their report setting forth the value of the land described in the petition and sought to be acquired. On May 10, 1963, the trial court entered its order of taking which vested in the Road Department title to the strip of land owned by appellants, and provided that petitioner was entitled to possession of the property on May 20, 1963, without further order of the court. The answer to the petition filed by appellants alleged that they were entitled to be compensated not only for the value of the strip of land being taken and consequential damages to the remainder of their parcel of land, but that they were also entitled to be compensated for the damages suffered by the business of Pensacola Junk Company in which they owned an interest, together with the cost of removing personal property owned by the corporation and located on the right of way being acquired. During the preliminary stages of the proceeding an order was entered by the court permitting the corporation to file a petition to intervene as a party defendant for the purpose of claiming damage to its business as a result of the taking, and the cost of removing its personal property from the right of way. This petition was denied prior to trial, but no appeal from the order of denial has been taken by the corporation.
Appellants assert that the corporation of which they are majority stockholders was a going business of more than five years standing, and was in possession of the property as a tenant at will at the time this suit was filed. Appellants therefore contend that either the corporation should have been permitted to intervene as a party defendant for the purpose of claiming damage to their business as a result of the taking in this case, together with the cost of removing its personal property from the right of way sought to be acquired, or in the alternative that appellants as majority stockholders should be entitled to claim and be compensated for such damages in lieu of payment to the corporation.
The controlling statute involved on this appeal provides in substance that when the suit is for the condemnation of a right of way, and the effect of the taking of the property involved may damage or destroy an established business of more than five years standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the jury shall consider the probable effect the denial of the use of the property so taken may have upon the said business, and assess in addition to the amount to be awarded for the taking, the probable dam *512 ages to such business which the denial of the use of the property so taken may reasonably cause.[1]
One of the questions which appellants present for our determination is whether the Pensacola Junk Company, Inc., as a tenant at will of appellants paying rent ■on a month to month basis, is an owner of the property being acquired by eminent domain within the purpose and intent of the statute above mentioned, and as such entitled to claim damages as authorized by the statute. We must hold that this question is one which may properly be raised only by one directly affected by the answer ■sought, and not by one only indirectly affected thereby. Since the answer to this ■question directly affects only the Pensacola Junk Company, Inc., a corporation, which party has not appealed from the ruling of the trial court denying its petition for intervention, the question presented is not prop•erly before us for consideration. Any answer we might purport to make to the ■question so propounded would be merely dictum and not binding on this or any other ■court if and when the same question is •presented for decision in future litigation.
Appellants alternatively contend that even if the corporation is not entitled to intervene and claim the damages herein-above mentioned, they, as majority stock-liolders, are entitled to be compensated for such damages. It is our conclusion that this contention is without merit. Appellants have seen fit to permit the corporation which they control to occupy their property .as a tenant at will without legal right to occupy the property on more than a month to month basis. They did not see fit to enter into a written lease for a term of years with the corporation, thereby giving it some degree of protection against the ■eventuality which arose as a result of the ■institution of this proceeding. A substantial portion of the capital stock of the corporation is owned by persons who are not parties to this cause. Although the corporate veil may be pierced or removed when necessary in order to prevent the corporation from being used for the perpetration of fraud or wrongdoing, such will not be done in considering the rights of the corporation in a legitimate commercial transaction.[2] We find no basis by which the trial court would have been justified in permitting appellants, even though they be majority stockholders, to claim and receive compensation for the damages to the corporate business in which they are interested.
In view of the conclusions hereinabove reached, we are of the opinion that the remaining points advanced by appellants are without merit. The judgment appealed is therefore affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. F.S. § 73.10(4), F.S.A.

. Marks v. Green, etc., et al. (Fla.App.1960), 122 So.2d 491; Advertects, Inc. v. Sawyer Industries, Inc. (Fla.1955), 84 So.2d 21.