188 So.2d 38 (1966)
PENSACOLA SCRAP PROCESSORS, INC., Appellant,
v.
STATE ROAD DEPARTMENT of Florida et al., Appellees.
No. H-138.
District Court of Appeal of Florida. First District.
June 2, 1966.
*39 Shell, Fleming & Davis, Pensacola, for appellant.
P.A. Pacyna, Tallahassee, for appellees.
JOHNSON, Judge.
Pensacola Scrap Processors, Inc., who was plaintiff in the trial court, has appealed a final decree dismissing its complaint on the ground that it fails to state a cause of action. It is the basic contention of appellant that by its complaint it has adequately stated a cause of action for the relief prayed, and that the court erred by the rendition of its decree of dismissal.
Appellant, at all times pertinent to the cause of action sued upon, was a corporation operating under the corporate name of Pensacola Junk Company, Inc., which name was subsequently changed by authority of the Secretary of State pursuant to the provisions of law. From the allegations of the complaint, the following facts are clearly alleged, or may reasonably be inferred therefrom.
*40 After its incorporation in 1947 appellant entered into an oral lease with fee owners of a certain described parcel of land in Escambia County for an annual rental of $4,800.00, payable in installments of $400.00 a month. This lease agreement continued down through the years, and was in full force and effect at the time of the filing of this action. Upon acquiring the leasehold estate, appellant utilized the property in the operation of a scrap material business which involved the acquisition, storage, processing, and sale of scrap metal. In connection with its business appellant installed on the property necessary buildings, an underground oxygen system, an underground hydraulic press and a spur railroad track. Appellant was engaged in this business, and had been for a period of some seventeen years, when in 1963 the defendants-appellees instituted an action in eminent domain for the purpose, among others, of acquiring a strip of land across the property leased by appellant for a public road right of way. The fee owners of the land were named as parties defendant in the eminent domain proceedings, but the plaintiffs in that action failed and refused to also join appellant as a defendant therein. Appellant made application to the trial court for an order permitting it to intervene as a party defendant so that it might assert its right to such compensation as it was lawfully entitled for the partial loss of its leasehold estate, and for the damages it would suffer to its established business as a result of the taking of the fee title to the proposed public road right of way. In response to objections interposed by appellees, appellant's application for leave to intervene was denied.
As a consequence of the eminent domain action brought and litigated to a conclusion by appellees, appellant was required to remove at its own expense a large quantity of scrap metal and other materials owned by it and which had been stored on that portion of the land being acquired for the public road right of way. As a result of the taking, appellant's business was damaged in that part of its oxygen lines installed under, across, and through the strip of land condemned by appellees was lost or destroyed, and the spur line railroad was shortened to such an extent as to substantially reduce its utility value in the conduct of appellant's business on the part of its leasehold estate which remained on each side of the road right of way after the taking. The fee owners, as defendants in the eminent domain proceeding, asserted a claim to compensation for the damages suffered by appellant as a result of the taking of the land in question, which claim was disallowed and no compensation for such damages was awarded by the jury in that case. On appeal to this court the judgment rendered in the eminent domain proceeding was affirmed.
Because of the expensive improvements installed on the property leased by appellant it was not practicable for it to remove its business to another site, so it has continued to conduct its corporate enterprise on the lands adjoining the public road right of way since the date of the taking in eminent domain. As a consequence of the condemnation proceeding the value of appellant's leasehold estate has been diminished by loss of the use of the strip of land acquired for the road right of way; it was forced to expend large sums of money in the removal from the proposed road right of way of substantial quantities of scrap metal theretofore stored on the land; a portion of its underground oxygen system has been destroyed, and it has been deprived of the full use of its railroad spur track enjoyed by it prior to the taking. In addition, the established business of more than five years standing owned by appellant and located upon adjoining lands held by it under its lease with the owners was substantially damaged or destroyed as a result of the taking by appellees of the public road right of way in the condemnation suit. By its prayer appellant prays in the alternative for an injunction to restrain appellees from using and occupying *41 the public road right of way until such time as appellant has been compensated for the loss and damage sustained by it as a result of the appropriation of a part of its leasehold estate, or for an order of inverse condemnation requiring appellees to institute an appropriate action in eminent domain in which appellant will be afforded an opportunity to claim such compensation to which it may deem itself entitled as a result of the taking of a part of its leasehold estate.
The primary question presented for our decision is whether a tenant at will of real property is entitled to compensation for the taking of a part of its leasehold estate in an action of eminent domain brought by a county and the State Road Department for the acquisition of a public road right of way. The answer to this question depends upon a determination as to whether a tenant at will is an "owner" of property within the meaning of the constitution and statutes relating to the payment of compensation for property appropriated under the power of eminent domain.[1]
The leasehold estate owned and held by appellant was created by a verbal agreement which provides for the payment of rent in monthly installments. Under these facts there can be little doubt but that the status occupied by appellant in its relationship to the fee owners of the land in question is that of tenant at will.[2]
It appears to be the established law of Florida that a lessee of land under a written lease for a term of years is an owner of property in a constitutional sense and, as such, is entitled to full compensation under F.A. Section 73.10, F.S.A., for the taking of property owned by him in eminent domain.[3] Appellees insist that the foregoing principle of law is applicable only to a holder of a leasehold estate created by an instrument in writing and extending for a term of years, and is not applicable to a tenant at will. They point to the White decision cited above as authority for their position. We fail to find any ruling or expression in the White case which either directly or by implication holds in accordance with the position taken by appellees herein. On the contrary, the claimant for compensation in the case of Wingert v. Prince[4] was a tenant at sufferance holding over after the expiration of a written lease. In that case the Second District Court of Appeal held that the claimant was an owner of property in a constitutional sense by virtue of the leasehold estate he held as a tenant at sufferance. The court concluded that the claimant was entitled to be compensated for improvements placed by him on the land condemned which, under the expired written lease, he had a right to remove at the conclusion of his tenancy. This holding is in harmony with the majority rule followed by other states of this country.
*42 A recognized treatise on the subject of eminent domain, in commenting on the point of law now under consideration, says:
"The owner of a leasehold estate, whether one for years or from year to to year, has been held to have such an interest in the property as to be classed as an `owner' in the constitutional sense and to be entitled to compensation for the taking of his interest in the property * * *
"The lease, of course, must be in existence on the date title is appropriated by the condemnor. Although it has an effect on its value, the fact that the lease is subject to termination on short notice by the lessor does not affect the status of the lease as property, if it had not as yet been terminated on the date of vesting in the condemnor."[5]
In the case of Hoffman Wall Paper Co. v. City of Hartford it was contended by the condemning authority that a leasehold estate terminable at will had no compensable value to the owner in a suit brought for the purpose of condemning the land to which the leasehold estate attached. In rejecting this contention the court said:
"* * * So long as he [the owner] did not exercise his opinion to terminate it, however, it would continue in effect. We cannot say, as a matter of law, that a leasehold destroyed in the making of a public improvement has no value which the owner [of the leasehold] is entitled to have appraised to him merely because it is terminable at the option of the landlord."[6]
To the same effect are decisions from a host of other jurisdictions in our country.[7]
The foregoing rule has been applied to the claim of a tenant at will for costs and expenses necessarily incurred in severing trade fixtures which he had installed on land being condemned, and reattaching them to another site.[8] This principle of law has been applied in cases where the tenancy at will was terminable upon thirty days notice by the landlord.[9]
The general rule is summarized by Nichols in his work on eminent domain as follows:
"* * * whenever it appears that there has been a `taking' of land within the meaning of the constitution, it is not merely the owner of the fee who is entitled to compensation, but every person holding an estate or interest in the subject matter of the taking, which will be recognized by the courts as valid as against the owner of the fee, is equally protected by the constitution. The fact that the interest of such person is less than the complete interest, considered either qualitatively or quantatively, has no bearing on his right to compensation."[10]
The principle which permits recovery by a tenant at will for any damages suffered by him as a result of the taking of all or a part of his leasehold estate in an action of eminent domain accords with reason and justice. Under F.S. Section 83.01, F.S.A., if a tenant at will without a written *43 lease occupies real estate under an agreement with the owner pursuant to which rental is paid on an annual basis, the tenant is one at will from year to year. His one year tenancy at will has a property value equal in all respects to the value of a leasehold estate for a term of years under a written lease which has only one year remaining before expiring by its terms. The fact that rent is paid on a month to month basis thereby restricting the leasehold estate to a term of not more than one month at the option of the lessor differs from a one year tenancy at will only in the matter of degree, but not in kind. If a tenancy at will for a period of one year constitutes a leasehold estate of which the lessee is an owner in a constitutional sense, the same rule must be applied to a tenant at will whose term is limited to one month at a time. The shorter term becomes important only in determining the value of the leasehold estate which is taken under the power of eminent domain, but does not have the effect of depriving a tenant at will from claiming the same elements of damage to which a tenant at will from year to year would possess. This includes damages resulting from the loss or cost of removing the improvements located on the land being condemned forming a part of the leasehold estate, as well as damages to an established business of more than five years standing located on adjacent property to which the leasehold estate attaches.[11]
In a recognized treatise on eminent domain, as to damages allowable upon the condemnation of a part of the leasehold estate, we find:
"In partial taking cases, when the removal of fixtures or equipment is from the appropriated property to the property not taken and when such removal will reduce the amount of damage to the property not taken, the cost of such removal is a proper item of damage for compensation. * * *"[12]
While it is conceded that the foregoing rule is not applicable in those instances where the property being condemned includes the entire leasehold estate,[13] this court has indicated, at least by implication, that the rule would be applicable in those cases involving only a partial taking.[14]
Holding as we do here, that the holder of a tenancy at will is an owner of property in a constitutional sense, then the appellant is entitled to the protection of the statute which requires that the owner of an established business of more than five years standing located upon adjoining lands owned or held by him be compensated for the damages he sustains as a result of the partial taking of his property by eminent domain.[15]
Appellee's contention that the alleged cause of action in this case has merged with the prior condemnation case *44 of Soclof v. State Road Department, previously before this court, 169 So.2d 510, and therefore constitutes a bar is without merit. The appellant attempted to get its claim before the court in said cause, but was precluded from so doing upon objection of the appellee herein. An interlocutory appeal as suggested by the appellee would not have accomplished any result on the merits of the appellant's case.
From the foregoing it is our conclusion that the complaint filed by appellant in this case states a cause of action under the constitution and laws of Florida, and that the chancellor erred in dismissing it on motion of appellees. The final decree of dismissal appealed herein is reversed and the cause remanded for further proceedings.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] "No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, * * *." § 29, Art. XVI, Florida Constitution, F.S.A.
[2] "Unwritten lease tenancy at will; duration

Any lease of lands and tenements, or either, hereafter made, shall be deemed and held to be a tenancy at will, unless the same shall be in writing signed by the lessor. Such tenancy shall be from year to year, or quarter to quarter, or month to month, or week to week, to be determined by the periods at which the rent is payable. If the rent is payable weekly, then the tenancy shall be from week to week; if payable monthly, then from month to month; if payable quarterly, then from quarter to quarter; if payable yearly, then from year to year." § 83.01, F.S.A.
[3] State Road Department v. White, 148 So.2d 32 (Fla.App. 1962); cert. dis. (Fla. 1964) 161 So.2d 828; State Road Department v. Bramlett, 179 So.2d 137 (Fla. App. 1965).
[4] Wingert v. Prince, 123 So.2d 277 (Fla. App. 1960).
[5] 1961 Southwestern Legal Foundation Institute on Eminent Domain 36-37.
[6] Hoffman Wall Paper Co. v. City of Hartford (1932), 114 Conn. 531, 159 A. 346, 348.
[7] Farrell v. Manhattan Ry. Co., (N.Y. 1899) 43 App.Div. 143, 59 N.Y.S. 401; Iron City Automobile Co. v. City of Pittsburgh, (1916) 253 Pa. 478, 98 A. 679, L.R.A. 1917C, 420; Batcheller v. Iowa State Highway Commission, (1960) 251 Iowa 364, 101 N.W.2d 30.
[8] Widening of Gratiot Ave., etc. v. City of Detroit, (1940) 294 Mich. 569, 293 N.W. 755.
[9] Wingert v. Prince, supra note 4; State ex rel. City of Miles City v. Northern Pacific Ry. Co., (1931) 88 Mont. 529, 295 P. 257.
[10] 2 Nichols on Eminent Domain 8-9, § 5.1 [2] (Rev. 3d ed. 1963).
[11] City of Richmond v. Williams, (1913) 114 Va. 698, 77 S.E. 492; Seattle & M. Ry. Co. v. Scheike, (1892) 3 Wash. 625, 29 P. 217, dissent in 30 P. 503; United States v. General Motors Corp., (1945) 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311; United States v. Petty Motor Co. (1946) 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729.
[12] 1963 Southwestern Legal Foundation Institute on Eminent Domain 150.
[13] Orange State Oil Co. v. Jacksonville Expressway Authority, 110 So.2d 687 (Fla. App. 1959); Romy v. Dade County, 114 So.2d 8 (Fla.App. 1959); Gross v. Ruskin, 133 So.2d 759 (Fla.App. 1961).
[14] Orange State Oil Co. v. Jacksonville Expressway Authority, 143 So.2d 892 (Fla.App. 1962).
[15] "* * * Provided, however, that when the suit is by the state road department, county, municipality, board, district or other public body for the condemnation of a right of way, and the effect of the taking of the property involved may damage or destroy an established business of more than five years standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the jury shall consider the probable effect the denial of the use of the property so taken may have upon the said business, and assess in addition to the amount to be awarded for the taking, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; * * *."

§ 73.10(4), F.S.A.