110 So.2d 687 (1959)
ORANGE STATE OIL COMPANY, Appellant,
v.
JACKSONVILLE EXPRESSWAY AUTHORITY et al., Appellees.
No. A-292.
District Court of Appeal of Florida. First District.
February 24, 1959.
Rehearing Denied March 12, 1959.
*688 McCarthy, Lane & Adams, Jacksonville, for appellant.
George C. Young, Nelson M. Harris, Jr., and Knight, Kincaid, Young & Harris, Jacksonville, for appellees.
WIGGINTON, Judge.
Appellant, a defendant at trial, has appealed from a final judgment awarding it $3,000 as compensation for the taking of its leasehold property in an eminent domain proceeding instituted by appellee Expressway.
Suit was brought to condemn the subject lands, lying in the City of Jacksonville, for use as a road right of way. Title to two separate parcels was vested in different *689 owners, but each was held under lease between the respective owners and appellant, Orange State Oil Company, and both parcels were occupied under an integrated use by the latter. The oil company erected thereon a gasoline service station, together with the usual appurtenances thereto. Title to these improvements, by virtue of the terms of the leases, became the property of the respective fee owners subject to the oil company's rights under the lease. By its verdict, the jury awarded a sum of money as compensation for the taking of each parcel, out of which sum appellant was awarded $3,000 for its leasehold estate in one parcel, but was awarded no compensation for its estate in the other parcel.
Among other things appellant assigns as error the trial court's exclusion of certain evidence proffered by it as relating to the value of the leasehold estate, together with certain charges as to the method of determining the value thereof. It is important to consider the circumstances surrounding the exclusion of the proffered evidence, and the charges given.
Following a pretrial conference an order was entered by which it was provided that "the measure of compensation for the leasehold interest is the value of the leasehold estate, taking into consideration its highest and best use subject to the rent covenanted to be paid. If the value exceeds the rental, the lessee will be entitled to recover the excess. If it does not exceed the rent reserve, the lessee will be entitled to nothing. In determining the value of the leasehold estate, the jury will be allowed to consider that the lessee is occupying the two parcels under a joint integrated use." A further pretrial conference order was subsequently entered, by which the number of witnesses for each party was limited to one contractor, two appraisers, and two attorneys.
During the course of the trial appellant called as one of its experts a witness who, according to his qualifications as revealed by the record, was fully competent to state an opinion as to the value of the leasehold in question. This witness was permitted to state his opinion as to that value; but when counsel for appellant sought to elicit the method used by the witness in arriving at the value testified to, his examination was interrupted by the court on objection of counsel for the fee owner and counsel for the condemning authority. Out of the presence of the jury the trial court sought to determine the method employed by appellant's witness in arriving at his evaluation. It developed that what is termed the "summation" method was used by the witness. This method consists of first determining the fair market value of the property being condemned, free of the leasehold estate. The next step in the process consisted of adding to the reversionary value of the fee at the termination of the lease the reserved rent payable during the remainder of the term, and reducing the total to its present worth by application of the appropriate annuity tables. The last figure thus reached represented the witness' opinion as to what constituted the present value of the fee subject to the lease which, when deducted from the present market value of the unencumbered fee, left a remainder which represented the value of the leasehold.
Use of the foregoing "summation" method of evaluation was sought to be justified by the witness on the ground that it was the accepted method of appraising leasehold estates by those engaged in the appraisal business and is recognized by authorities on the subject; that leases such as the one considered were not generally sold on the open market since oil companies customarily would not purchase from each other, and that the property in question was special purpose property unsuited for any profitable use other than as a gasoline service station. The witness further testified that, if allowed a few minutes to complete his mathematical computations, he would be able to apportion the total value of the leasehold between the two parcels of land involved in the suit.
*690 The foregoing proffer was objected to on the principal ground that the evaluation method used did not conform to that specified by the trial court in its pretrial order. It was insisted that under the pretrial order the value of the leasehold could be established only by evidence showing the difference between the fair market value of the lease at the time of taking and the rent contracted to be paid during the remainder of the lease. The objections were sustained and the proffer denied. Furthermore, at the close of the case, the trial court, over appellant's objection, charged the jury as follows:
"In assessing the damages, if any, sustained by the defendant, Orange State Oil Company, * * * you should first determine the fair market or rental value of the unexpired term of its lease * * *."
It is apparent, therefore, that the trial court intended to, and did exclude all evidence as to the value of the leasehold, except evidence showing the fair market value of the lease according to the standard specified in advance of trial.
The task of determining the value of the unexpired term of a lease is not without its difficulties. Because of restrictions against assignability, the infrequency with which short term leases are sold on the open market; variations in the duration of unexpired terms; and other considerations too numerous to mention, it is virtually impossible to rely exclusively upon the customary test of market value as to leasehold estates and, at the same time, secure to the condemnee the constitutional guarantee of full or just compensation.[1] The actual value, or value to the owner, is usually the best, if not the only adequate test of such compensation. As recently stated and approved by our Supreme Court:[2]
"The lessee is entitled to just and adequate compensation for his property; that is, the value of the property to him, not its value to the * * * [condemnor]. The measure of damages for property taken by the right of eminent domain, being compensatory in its nature, is the loss sustained by the owner, taking into consideration all relevant factors * * *."
As a general rule the greatest value to a lessee is the right to remain in undisturbed possession of the leased property to the end of the term, and the value of this right, of which he is to be deprived, constitutes a proper measure of the compensation to be paid.[3] It is said, however, that there is no general rule governing the manner in which damages to private property, when taken for public use, are to be measured. Just compensation is determined by "equitable principles", and its measure varies with the facts.[4] It is true that, in determining just compensation, the market value of the property taken is a practical and oft-employed standard. However, in varying factual situations such as when the property is of a kind seldom exchanged and therefore has little or no market value, recourse must then be made to other means of ascertaining value.[5] It should be observed that under the rejected testimony the lease here in question was shown to have had no market value as such. It was also shown that the summation method of evaluating leasehold estates accorded with accepted *691 practice of those engaged in the appraisal business and approved by at least one standard text on appraisal methods.[6]
While we must, in a sense of fairness, concede the existence of authority[7] to support the trial court who, by its pretrial order and subsequent exclusion of evidence proffered by appellant relative to the value of the leasehold estate in the instant cause, established the fair market value standard as the sole standard by which the value of appellant's estate could be measured. Such ruling is, nevertheless, directly contrary to the decisions of our Supreme Court in a recent case,[8] also involving the Jacksonville Expressway Authority, in which it was held that:
"Although fair market value is an important element in the compensation formula, it is not an exclusive standard in this jurisdiction. Fair market value is merely a tool to assist us in determining what is full or just compensation within the purview of our constitutional requirement."
For the foregoing reasons we are of the view that the trial court erred in excluding evidence proffered by appellant's expert witness by which the value of the leasehold estate was sought to be established.
We have carefully considered the remaining assignments of error urged by appellant, but find them to be insufficient to constitute reversible error, when tested by the applicable principles of law. In this connection we do not wish to be understood to have overlooked appellant's insistence upon the recent pronouncement by our Supreme Court that the owner, upon appropriate proof is entitled to be compensated for the reasonable cost of moving his personal property from lands acquired by public authority in an eminent domain proceeding. This rule, we believe, is inapplicable to a lessee who, by reason of condemnation proceedings, is required to vacate the leased premises; particularly when, as here, such lessee is obligated by the terms of its lease contract either to leave such property behind or to remove it at its own expense upon the termination of the lease "by its own limitations, * * * or otherwise."
Appellee Jacksonville Expressway Authority has cross-assigned as error the trial court's entry of an order disbursing that portion of the compensation awarded the fee owner whose property was encumbered by the leasehold estate upon which appellant's recovery was predicated.
The jury awarded the sum of $23,000 as compensation for the taking of the parcel in question, of which the sum of $3,000 was awarded to the oil company as compensation for its leasehold estate. Upon denial of the oil company's motion for new trial, but before the time for filing notice of appeal had expired, the court disbursed to the fee owner from the registry fund deposit the sum of $20,000 less specified amounts owed as taxes on the property. The motion for disbursement was objected to by the Expressway on the ground that the amount of the award to which the fee owner was properly entitled could not be determined until after the compensation to be paid the oil company for its leasehold estate had been finally adjudicated either by affirmance of the judgment on appeal, or by entry of judgment on a subsequent trial in the event of a reversal. It is the court's action in overruling this objection and ordering disbursement that is assigned as error.
In eminent domain proceedings the amount of compensation awarded to the owner of an interest less than the fee simple estate shall be paid out of the total *692 amount awarded for the fee simple estate.[9] Until the rights of the lessee have been finally determined, the compensation awarded to the fee owner cannot be safely disbursed.
The statute provides that appeals in eminent domain proceedings shall be taken within thirty days from the rendition of the final judgment.[10] It is further provided that in the event no appeal has been filed within thirty days from the rendition of the judgment, the clerk shall pay to the judgment creditors from the fund on deposit in the court registry the sum necessary to satisfy the judgment.[11] If no appeal is taken within thirty days from the rendition of the final judgment, the condemnor shall deposit in the court registry, for the use of the parties entitled thereto, the sum necessary to satisfy the judgment.[12]
It seems implicit in the above quoted provisions of our statutes that a fund deposited in payment of property to which different parties assert ownership or against which there are conflicting or disputed claims shall not be disbursed prior to the expiration of time within which appeal or other appropriate appellate review by an aggrieved party in interest may be taken. If an appeal or petition for appellate review is timely filed by any such party in interest, disbursement of the fund deposited with respect to the property in dispute shall await final disposition of the cause. The trial court may, however, disburse the fund prior to judgment[13] or prior to the expiration of the appeal time after judgment provided all parties in interest agree thereto, or adequate security is furnished by the distributee of the fund to fully protect the interest of all parties whose rights might be prejudiced thereby. We are therefore of the view that the trial court erred in disbursing to the fee owner the amount awarded her prior to the expiration of time within which appellant herein could and did file its appeal.
In deference to the trial court's ruling, it must be observed that the statutes of this state relating to eminent domain proceedings have been enacted, modified, revised, repealed and re-enacted in so many particulars as to leave the law in a state of uncertainty and confusion. The resulting situation demands appropriate legislative attention to the end that deficiencies will be supplied, conflicts eliminated and uniformity attained.
The judgment appealed from is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
STURGIS, C.J., and CARROLL, DONALD., K., J., concur.

On Rehearing
PER CURIAM.
All of the parties to this appeal have filed petitions for rehearing. One of the appellees, Jane Hopkins Dixon, a fee-simple owner of a part of the land involved in this proceeding, has also asked for a modification of our opinion clarifying her status and rights upon a new trial of the cause. The only issue before us on this appeal is the validity of that part of the final judgment affecting the leasehold interest of appellant, Orange State Oil Company. Our decision directing a new trial is necessarily confined to the issue presented by the appeal, and none other. There exists therefore no apparent need for the requested modification of our opinion. The petitions for rehearing are severally denied.
STURGIS, C.J., and CARROLL, DONALD K., and WIGGINTON, JJ., concur.
NOTES
[1] Declaration of Rights, § 12 and Art. XVI, § 29, Constitution of Florida, F.S.A. See Also: F.S. § 73.10, F.S.A.
[2] Jacksonville Expressway Authority v. Henry G. DuPree Co., Fla., 108 So.2d 289, 291.
[3] Nichols: 4 Eminent Domain (3rd Ed.), § 12.42(3); 18 Am.Jur., Eminent Domain, § 296.
[4] 18 Am.Jur., Eminent Domain, § 240.
[5] Housing Authority of Savannah v. Savannah Iron & Wire Works, Inc., 91 Ga. App. 881, 87 S.E.2d 671; 18 Am.Jur., Eminent Domain, § 241; See: Kimball Laundry Company v. United States, 338 U.S. 1, 69 S.Ct. 1434, 93 L.Ed. 1765.
[6] McMichael: Leases (4th Ed.) p. 228 et seq.
[7] See: Orgel: 1 Valuation under Eminent Domain (2nd Ed.) § 17.
[8] Supra note 2.
[9] See: F.S. § 73.11, F.S.A.; Orgel on Valuation under Eminent Domain (2nd Ed.) p. 481 et seq., § 113.
[10] F.S. § 73.14, F.S.A.
[11] F.S. § 74.11, F.S.A.
[12] See note 11.
[13] F.S. § 74.07, F.S.A.