114 So.2d 8 (1959)
John ROMY and Josephine Romy, his wife, and Donald Edwards, Peggie Edwards, Albert Goines, Styles McKinney and J.C. Smith, Appellants,
v.
DADE COUNTY, a political subdivision of the State of Florida, Appellee.
No. 59-105.
District Court of Appeal of Florida. Third District.
August 24, 1959.
Rehearing Denied September 4, 1959.
Walter J. Migoski, Miami, for appellants.
Darrey A. Davis and Thomas C. Britton, Miami, for appellee.
CARROLL, CHAS., Judge.
This appeal and cross-appeal, directed to a judgment in eminent domain, present two questions. The first, raised by the appellant, is whether certain parties who were month-to-month tenants on the property taken were entitled to be compensated for their moving costs. The second, raised by appellee, is whether it was error to direct a verdict for attorney's fees.
The right of an owner, whose property is taken by eminent domain, to be compensated for his moving expenses was recognized in Jacksonville Express. Authority v. Henry G. Du Pree Co., Fla. 1959, 108 So.2d 289, 292. However, in a recent case decided by the court of appeal in the first district (Orange State Oil Co. v. Jacksonville Express. Authority, Fla.App. 1959, 110 So.2d 687), it was held that such moving costs were not recoverable by one who was not an owner but who held a lessee's interest. We hold, therefore, as to that first question, that the judgment appealed from here is affirmed, under the authority of the last cited case.
On the second question, we hold it was error for the court to direct the verdict *9 for attorney fees. The attorney whose fees were involved represented defendants interested in eleven of the twenty-eight parcels in the eminent domain proceedings. On behalf of that attorney, evidence was presented to the effect that a fee of ten per centum of the amount of the verdict or award to the owners would be a fair and reasonable fee. The County did not present other testimony as to the amount of a reasonable fee, but the County's counsel did not agree or stipulate to a ten per centum fee. The court's charge followed, directing the jury to include in its verdict an attorney's fee equal to ten per centum of the amounts awarded to the owners in question, and a verdict and judgment to that effect resulted. The County's objection to the charge was preserved, and it was duly assigned as error.
It is provided by statute that in eminent domain cases "All costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee [for the defendant] to be assessed by the jury, * * *". [Emphasis added.] §§ 73.16 and 74.10, Fla. Stat., F.S.A.
This court previously has followed and applied the rule that in the determination of the value of an attorney's services, testimony of qualified experts, though strongly persuasive, is not binding on a court or jury but is to be weighed with other evidence and factors appearing in the case and bearing upon the value of such services. Folmar v. Davis, Fla.App. 1959, 108 So.2d 772. See, also, Baruch v. Giblin, 122 Fla. 59, 164 So. 831.
The rule thus enunciated was applied by this court in the case of Dratch v. Dade County, Fla.App. 1958, 105 So.2d 171, 174, and we hold here, as was held in the Dratch case, that in the trial of an eminent domain case "the court should not instruct the jury as to a definite amount to be awarded for attorneys' fees unless it is stipulated between petitioner and defendants."
Accordingly, the main appeal from the judgment is affirmed, but the judgment is reversed on the cross-appeal, and the cause is remanded for a new trial as to the defendants' attorney fees with which the cross-appeal was concerned here. In remanding the cause as we must for resubmission of the matter of defendants' attorney fees to a jury, our decision is not to be construed to be an expression of a view by this court as to whether the amount of fee included in the judgment was or was not reasonable. We are not concerned on this appeal with the amount of the fee, but with the manner in which it was awarded.
Affirmed in part and reversed in part.
HORTON, C.J., and PEARSON, J., concur.