148 So.2d 32 (1962)
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, and Orange County, a Political Subdivision of the State of Florida, Appellants,
v.
Bertha WHITE et al., Appellees.
No. 3007.
District Court of Appeal of Florida. Second District.
December 14, 1962.
Rehearing Denied January 8, 1963.
*33 Robert D. Canada, Tallahassee, for appellants.
No brief for appellees.
SHANNON, Chief Judge.
Appellants seek review of a portion of a final judgment in a condemnation suit wherein appellee, James R. Lang, defendant below, was awarded business damages. Lang is the sole defendant-appellee with whom we are here concerned and he has not favored us with a brief.
Plaintiffs below, appellants here, commenced condemnation proceedings for acquisition of property necessary to widen a highway in Orlando. One of the parcels was shown to be owned by Woodall's, Inc., subject to a mortgage held by Gulf Life Insurance Co. and a lease in favor of Roy Justice and wife. Gulf Life subsequently waived its claim and Lang filed an answer alleging that he was in possession of the parcel under a recorded sublease from Justice and that he was therefore entitled to damages, including business damages, under Sec. 73.10(4), Fla. Stat., F.S.A. Plaintiffs moved to strike Lang's answer, asserting he was seeking damages not recoverable under Florida condemnation law. Defendant Lang then amended his answer to allege these damages to his business in considerable detail. In its pre-trial order the trial court ruled that each lessee who had filed an answer would be allowed to prove business damages.
The instant appeal is concerned primarily with the question whether Sec. 73.10(4), Fla. Stat., F.S.A., permits the recovery of business damages by the lessee of land being taken by condemnation.
Sec. 73.10(4) reads:
"A condemnation suit being an action in rem, in such a suit by the state road department, county, municipality, board, district, or other public body for the condemnation of a road rights-of-way, borrow pits or drainage easements or other rights-of-way the condemnation jury shall determine solely the amount of compensation to be awarded for the property taken and damages to the remaining property, if any. Provided, however, that when the suit is by the state road department, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than five years standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the jury shall consider the probable effect the denial of the use of the property so taken may have upon the said business, and assess in addition to the amount to be awarded for the taking, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person *34 claiming the right to recover such special damages shall set forth in his answer the nature and extent of such damages." (Emphasis added).
Generally, injury to a business incidental to an appropriation of property for which compensation must be paid in a condemnation proceeding is not a recoverable item of damages. City of Tampa v. Texas Co., Fla.App. 1958, 107 So.2d 216; 18 Am. Jur., Eminent Domain, Sec. 259, and 1 Orgel on Valuation Under Eminent Domain, Sec. 72. In Florida, however, the legislature has created a statutory right to compensation for business losses occurring under certain specified circumstances. Sec. 73.10(4), supra. This court in City of Tampa v. Texas Co., supra, held that defendant-landowner in a condemnation case may not claim loss of the profits because of the interruption of its lessees' business. The court specifically stated that it did not decide the question whether under Sec. 73.10(4), supra, loss of profits may be claimed by the lessees whose businesses are taken or damaged. Research failed to disclose a Florida decision dealing directly with the question presented on this appeal.
A crucial part of the statute is the portion setting out that the business be "owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party." To find the answer to the problem here, this quoted and emphasized excerpt must be considered in relation to the total context of the statute.
Turning to the law on the subject of ownership interest by a lessee, we find that, in the law of real property, it is well established that a valid lease for a term of years is a conveyance of an interest in land. Flowers v. Atlantic Coast Line Railway Co., 1939, 140 Fla. 805, 192 So. 321; Campbell v. McLaurin Investment Co., 1917, 74 Fla. 501, 77 So. 277. A lessee's interest in a leasehold estate is thus stated: "During the life of a lease, the lessee holds an outstanding leasehold estate in the premises, which for all practical purposes is equivalent to absolute ownership. The estate of the lessor during such time is limited to his reversionary interest, which ripens into perfect title at the expiration of the lease." Rogers v. Martin, 1924, 87 Fla. 204, 99 So. 551, 4th Headnote. In the case of DeVore v. Lee, Comptroller, 1947, 158 Fla. 608, 30 So.2d 924, it is stated: "A lease has been defined as `"a conveyance by the owner of an estate to another of a portion of his interest therein for a term less than his own'" and `it passes a present interest in the land for the period specified.'" In the law of eminent domain, a lessee for years under a written lease is an owner of property in the constitutional sense, and is entitled to share in the compensation when all or a part of the leased property is taken during the period of the lease. 12 Fla.Jur., Eminent Domain, Sec. 91, Leasehold Interests, page 63.
Although the decision in Morrison v. Cottonwood Development Co., 38 Wyo. 190, 266 P. 117, was based on a statute unlike the Florida statute quoted above and the facts of the case are dissimilar to those involved in the instant proceeding, it is interesting to note the following language of the Wyoming court:
"It is argued that error was committed by the trial court in excluding evidence of damages to the ranching business conducted by the defendants upon the lands involved; that proof of such damages was permissible, under section 4945, Compiled Statutes of Wyoming 1920, which reads in part:
"`The jury shall determine the compensation proper to be made to the owners and persons interested for the taking or affecting of such real property or damage to business conducted thereon.'
* * * * * *
"It is presumed, of course, that in enacting section 4945, W.C.S. 1920, the Legislature did so with full knowledge *35 of the existing conditions of the law and with reference to it. It was consequently aware that injury to a business conducted upon lands taken under the right of eminent domain had been generally held by the courts not to constitute an element of just compensation unless a statute expressly allowed it. Joslin, etc., Co. v. City of Providence, 262 U.S. 668, 43 S.Ct. 685, 67 L.Ed. 1167. Under this rule, one not the owner of lands, who is engaged in a profitable business thereon, might, through the taking of the lands themselves, have his business injured or destroyed and be remediless. The owner of lands was to some degree protected in that respect, as the market value of his land is frequently more or less interwoven with its value for use in his business.
"With this state of the law before it, the Legislature, by the language above quoted from section 4945, undoubtedly endeavored to protect both the owner of the land and the tenant or other person engaged in business thereon. This is made clear through not only the use by the lawmaking power of the disjunctive phrasing of the clause under consideration, but also by the use therein of the words `persons interested' additionally to the word `owner.' * * *
* * * * * *
"We do not think that the intention of the Legislature is clearly manifested requiring the substitution of the word `and' in place of the word `or,' nor does the natural meaning of the clause with the word `or' therein result in an interpretation `unreasonable, inconsistent or unjust.' Indeed, the reverse is true. It is hardly to be thought that by the statute under consideration the Legislature designed to allow the owner of land an element of damage additional to those generally obtained by him when his land is taken or injuriously affected, and at the same time leave a tenant or other person engaged in a valuable business on land which is appropriated wholly without remedy. We think the Legislature tried to and did cure this defect, as they saw it, in the existent state of law."
It is to be observed that the statutory language heretofore quoted with emphasis employs the terminology, "owned or held." Some significance, we think, must be attached to the alternative nature of this language, since the words "owned" and "held" are separated by the disjunctive "or." Because of this, the restrictive interpretation contended for by appellants loses force to a greater degree than would have been the case if the words, "or held," had not been used. This is particularly true when one considers that a lessee is vested with ownership interest in the leased property for the term of the lease, as decided and defined by the authorities.
Appellants strongly argue that in at least one Florida case damages for relocation, depreciation and loss of business have been held not to be recoverable by a lessee of condemned property. This case, Gross v. Ruskin, Fla.App. 1961, 133 So.2d 759, was, however, an appeal from an order apportioning condemnation award, so that the precise question with which we are here concerned was not involved. Cf. Romy v. Dade County, Fla.App. 1959, 114 So.2d 8; and Orange State Oil Co. v. Jacksonville Express. Auth., Fla.App. 1959, 110 So.2d 687.
We hold then that the trial judge in the instant case did not err in allowing the question of business damages on the part of the lessee to go to the jury. No prejudicial error is made to appear as to the other point raised.
Affirmed.
KANNER and SMITH, JJ., concur.