GONZALEZ, JOSE A., Jr., Associate Judge.
This is an appeal by the State Road Department from a final judgment following jury verdict in a condemnation case wherein the jury received evidence concerning the cost of certain “moving expenses”.
'Petitioner-State Road Department brought a condemnation action to condemn a ten-foot strip of property necessary for the construction of a state highway. The Respondents, Donald H. Thibaut and Audrey M. Thibaut, his wife, were the fee owners of the land condemned.
In February, 1958, the Thibauts as fee owners entered into a lease agreement with the Pure Oil Company for the operation of a gasoline service station on the property. Pure Oil in turn executed a sub-lease of the premises to the Thibauts. This sublease was subsequently assigned to Shaw Bros: Oil Company with whom the Thibauts *54 have a dealer franchise contract for the operation of the service station.
Pursuant to the terms of the original lease from the Thibauts to Pure Oil Company, the latter, as lessee, made certain improvements to the property including the installation of certain structures, underground gasoline storage tanks, pumps, compressors, anti other equipment.
Title to these improvements remained vested in the lessee and lessee retained the right to remove said property and equipment at any time during continuation of the lease and for thirty days thereafter.
This lease has been in effect at all times material to this action.
As a result of the taking of the ten-foot strip it was necessary for the Thibauts to remove one of the pump islands and the underground storage tanks to another location on the premises or give up their business.
The Thibauts, on being informed of the condemnation and in order to continue in business, paid the cost of these moving expenses and secured from Pure Oil Company an assignment of any rights to compensation that the latter had by reason of the condemnation.
At the trial, evidence was received over objection of the State Road Department as to the cost of moving the tanks and pumps the required distance from the right of way.
Appellant-State Road Department maintains that it was error for the jury to consider the cost of these moving expenses in determining the Thibauts’ damages since it is undisputed that these sums were expended for the removal of property belonging to the lessee-tenant. It urges that the Thibauts acted as volunteers and are not entitled to reimbursement for this expense.
It is clear that the equipment in question was not the property of the Thibauts. Their right to recover moving expenses would therefore exist only by reason of assignment of that right to them by their lessee. If. Pure Oil as lessee can recover, then the Thibauts can recover as assignees of their lessee’s rights.
The question presented is whether a lessee of land under a written lease for a term of years is entitled to compensation for moving its personal property from the land condemned where the lease provides that the lessee has the right to remove said property at any time up to thirty (30) days, following the end of the term.
A number of Florida cases have considered the question of the recoverability of moving expenses.
It is well recognized that an owner is entitled to be compensated for the reasonable cost of removing his personal property from lands acquired by public authority in a condemnation proceeding. Jacksonville Expressway Authority v. Henry G. Du Pree Co., Fla.1958, 108 So.2d 289, 69 A.L.R. 2d 445.
In Orange State Oil Co. v. Jacksonville Expressway Authority, Fla.App.1959, 110 So.2d 687, it was held, however, that reasonable moving costs were not recoverable by “ * * * a lessee who, by reason of condemnation proceedings, is required to vacate the leased premises. * * * ” Id. at page 691. This was held to be particularly true where the lease contract provides, that the lessee is obligated to either leave such property behind or remove it at its own expense at the termination of the lease.
That same year Romy v. Dade County, Fla.App.1959, 114 So.2d 8, held, citing Orange State, supra, that month-to-month tenants on the property taken are not entitled to be compensated for their moving costs.
Wingert v. Prince, Fla.App.1960, 123 So. 2d 277, upheld an award of compensation to a tenant at sufferance for improvements, he placed on the land condemned which, under an expired written lease, he could remove at the conclusion of his tenancy.
*55 The following year, in Gross v. Ruskin, Fla.App.1961, 133 So.2d 759, the Third District Court of Appeal again held, citing Romy and Orange State, supra, that a lessee is not entitled to damages for relocation of a business.
The most recent case dealing with this question is Pensacola Scrap Processors, Inc. v. State Road Department, Fla.App. 1966, 188 So.2d 38. In an extensive opinion the First District Court of Appeal held that a tenant at will of real property is entitled to compensation for the taking of a part of its leasehold estate, including the cost of removal of personal property from the lands condemned, in an action of eminent domain brought by the State Road Department for the acquisition of a public road right of way.
The court distinguished this case from its earlier decision in Orange State Oil Co. v. Jacksonville Expressway Authority, supra, by saying that the rule denying compensation to a "lessee” is only applicable in those instances where the property being condemned includes the entire leasehold estate and does not apply in those cases involving only a partial taking. See also Orange State Oil Company v. Jacksonville Expressway Authority, Fla.App. 1962, 143 So.2d 892.
It would add little to this opinion to quote extensively from the opinion of our sister court of appeal in Pensacola Scrap Processors, supra, essentially dealing with our very problem.
Suffice it to say that as recently as Carter v. State Road Department, Fla.Sup.Ct., 189 So.2d 793, Opinion filed June 22, 1966, our Supreme Court reaffirmed the well established doctrine that a valid lease for a term of years constitutes a proprietary interest in land for the purposes of entitlement to compensation under Chapter 73, Florida Statutes, F.S.A., and that, therefore, a lessee for a term of years is an owner. Accord: State Road Department v. White, Fla.App.1962, 148 So.2d 32 (cert. den., Fla.1964, 161 So.2d 828)
Since an owner is entitled to he compensated for the reasonable cost of removing his personal property from lands acquired by public authority in a condemnation (Jacksonville Expressway Authority v. Henry G. Du Pree Co., supra), and since a lessee for a term of years is an owner for the purpose of entitlement to compensation (Carter v. State Road Department, supra; State Road Department v. White, supra), we hold that a lessee of land under a written lease for a term of years is likewise entitled to compensation for moving its personal property from the land condemned where there is only a partial taking of the leasehold by the condemning authority.
Accordingly, it was not error for the trial court to receive testimony as to the actual cost of moving the tanks and pumps from the area condemned, since the trial court must admit to the jury all pertinent proffered facts touching the value of the fee and the leasehold so the jury may evaluate both interests and render an inclusive verdict. Carter v. State Road Department, supra.
Pure Oil Company, as lessee, was entitled to recover its reasonable moving expenses, and, pursuant to Section 73.12 F. S.A., was entitled upon petition to have its compensation apportioned to it by the court. The lessee having assigned all of its rights arising by reason of the condemnation to the Thibauts, it was likewise not error to provide that these sums be paid to the fee owners.
The remaining point on appeal concerning the propriety of the award of attorneys fees in this case has been examined and found to be without merit.
No error having been made to appear, the final judgment is affirmed.
. ANDREWS, Acting C. J., and WAL-^ DEN, J., concur.