JOHNSON, Judge.
The State Road Department has appealed a final judgment rendered in an eminent domain proceedings brought by it in connection with the widening of a state highway. The property taken consisted of a strip of land 10 feet wide off of the parcel in question, upon which is located a commercial building containing stores housing four tenants at will who pay on a month to month basis. No part of the building is included in the taking.
The tenants have contended that a material part of their respective damages is the cost of moving to new locations. (This moving does not purport to be moving personal property from the property taken to other portions of the property occupied by the respective tenants.)
At the trial, objection was made by the appellant to any evidence as to cost of moving by the tenants, which objection was overruled. In its instructions to the jury, the trial court charged that the jury could take into consideration such moving costs.
The State Road Department has appealed from the final judgment, and raised the *34 one question: Is a tenant under an unrecorded lease or a tenant from month to month entitled to cost of moving personal property from land not taken in condemnation ?
The trial court permitted the introduction of evidence to the jury as to- the costs of such moving and instructed the jury that such an item was proper for it to take into consideration in assessing damages. We believe, and so hold, that this was error.
There seems to be some confusion as to the holdings of this court and our sister appellate court on this question.
In Orange State Oil Company v. Jacksonville Expressway Authority, 110 So.2d 687, this court held that a lessee could not recover cost of removing personal property where by the terms of its lease it would have to defray the cost of moving at termination of the lease or have the property to accrue to the fee owner.
In Pensacola Scrap Processors, Inc. v. State Road Department, 188 So.2d 38, this Court held that a lessee could recover costs of moving personal property from the land taken.
In Romy v. Dade County, 114 So.2d 8 (Fla.App.3d, 1959) the court there merely cited with approval Orange State Oil Company v. Jacksonville Expressway Authority, supra, in holding that moving costs were not recoverable by one who held a lessee’s interest. No reason was given, other than the citation of the Orange State Oil Company case.
In State Road Department v. Thibaut, 190 So.2d 53 (Fla.App.4th, 1966) cited with approval Pensacola Scrap Processors, Inc. v. State Road Department, supra, and held that the lessee, under written lease, could recover cost of removing personal property (gasoline tanks and pumps) from the land taken by eminent domain, to another portion of the leased premises.
It appears therefore to us, that there is no conflict between the Orange State Oil Company and the cases following its line of thinking and the Pensacola Scrap Processors, Inc., case and its followers. The material difference between those lines of decisions and the case sub judice is that in this case, the removal of personal property from the land taken is not involved. The only question is the necessity of relocating for better business purposes of personal property used in the respective businesses located in the commercial building on the part of the premises not taken. The eminent domain proceeding itself does not require nor necessitate the moving complained of, except as may be dictated by the conveniences to said lessees’ customers.
In order to avoid any confusion in the decisions, as alleged in one brief, we specifically point out and hold that there is a distinction between moving personal property by lessee from the property actually taken in the eminent domain proceedings, and the moving of such personal property from that portion of leased premises which are not actually taken by said eminent domain proceedings.
In the latter case, the lessee does not have to move the personal property if he does not wish to do so. Leaving the same where it is at the time of the condemnation proceedings will not affect the use of the parcel condemned by the condemning authority for- the purpose for which it was taken. Furthermore, the nature of leases in the case sub judice are such that each lessee could have been required to move said property at its respective costs, at any time the lessor demanded, after giving the statutory notice to vacate.
We find that the cross-appellant, the owner of the fee, has raised material and proper questions as to the method of prorating by the trial court and such was error, especially in view of our conclusion here as to the error in allowing the lessees moving cost, but since this case is being remanded for a new trial, we merely point *35 out that the trial court should correct such error in the new trial in conformance with this opinion.
For these reasons, we hold that the trial court was in error in admitting the evidence of moving costs to go to the jury and in instructing the jury that same was a proper item of damage to be considered by them. We therefore reverse the judgment appealed from and remand the same for a new trial consistent with this opinion.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.