566 So.2d 2 (1990)
Edward MITCHELL, Margaret Mitchell and Mary Mitchell, Appellants,
v.
The SCHOOL BOARD OF DADE COUNTY, Florida, Appellee.
No. 89-2475.
District Court of Appeal of Florida, Third District.
May 8, 1990.
Rehearing Denied September 24, 1990.
William J. Motyczka and June M. Clarkson, and Matthew Richardson, Miami, for appellants.
*3 Frank A. Howard, Jr., and Madelyn P. Schere, Miami, for appellee.
Before FERGUSON, COPE and GERSTEN, JJ.
PER CURIAM.
Edward, Margaret and Mary Mitchell appeal the dismissal with prejudice of their claims against the Dade County School Board. We affirm.
Assuming the Mitchells' notification under section 768.28, Florida Statutes (1989), could be read broadly enough to encompass the tort claims at issue here, the notice did not include claims on behalf of the daughter, Mary Mitchell, and all counts were properly dismissed as to her. As to Margaret Mitchell, it is clear that the complaint does not state a claim for intentional infliction of emotional distress, see Eastern Air Lines v. King, 557 So.2d 574 (Fla. 1990), nor would a claim for tortious interference with contract or business relationship lie where, as here, the school board is the other party to the alleged contract or business relationship. See Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683, 684-85 (Fla. 3d DCA 1986). To the extent that any claims were, or could have been, stated against the Dade County School Board, they would have been subject to the grievance and mandatory arbitration procedures set forth in the collective bargaining agreement annexed to the second amended complaint, and would not have been subject to the trial de novo sought by appellants in the circuit court. We are unable to discern any independent claims on behalf of Edward Mitchell. Assuming for present purposes that a motion for leave to amend was properly made, we find no abuse of discretion in the dismissal of the second amended complaint without further leave to amend.
Affirmed.