719 So.2d 926 (1998)
MAKING ENDS MEET, INC., Appellant/Cross-Appellee,
v.
Laurence F. CUSICK and Diana Cusick, Appellees/Cross-Appellants.
No. 97-2445.
District Court of Appeal of Florida, Third District.
September 2, 1998.
Rehearing Denied November 4, 1998.
Kelly, Black, Black, Byrne & Beasley and Hugo L. Black, Miami, for appellant/crossappellee.
Bilzin Sumberg Dunn & Axelrod and Mitchell E. Widom, Miami, and Allen Smith, Jacksonville, for appellees/cross-appellants.
Before GERSTEN, GREEN and SHEVIN, JJ.
SHEVIN, Judge.
Defendant Making Ends Meet, Inc. ["MEM"], appeals a final judgment awarding plaintiffs Laurence and Diana Cusick rent. The Cusicks cross-appeal the portion of the judgment awarding MEM damages for tortious interference with a business relationship. We affirm.
The Cusicks filed a complaint to recover unpaid rent due under a lease with MEM. *927 MEM counterclaimed seeking damages for, inter alia, fraud in the inducement based on the failure to inform MEM of the impending condemnation and tortious interference with a business relationship. The jury found in the Cusicks' favor awarding $94,307.08 in rent. The jury further found that Laurence Cusick was not liable on MEM's counterclaim for fraud in the inducement, but found in MEM's favor against Laurence Cusick on the tortious interference counterclaim, awarding $250,000 in damages.
We first address MEM's argument that it is entitled to a new trial because the jury instructions misrepresented MEM's fraud in the inducement claim. An exhaustive review of the record demonstrates that the court did not commit reversible error in instructing the jury. "Trial courts are accorded broad discretion in formulating jury instructions, and appellate courts do not find reversible error unless the error complained of resulted in miscarriage of justice or [the] failure to give [the jury] instruction was reasonably calculated to confuse or mislead the jury." Hoffman v. State, 708 So.2d 962, 965 (Fla. 5th DCA 1998). The instructions delivered by the court accurately reflect the law on a cause of action for fraud in the inducement. We will not reverse on this basis.
Next, MEM asserts that the court erred in submitting the rent issue to the jury. After a tenant abandons or vacates leased premises, the landlord may retake possession for the tenant's account and recover the rent for the balance of the lease term. Hudson Pest Control, Inc. v. Westford Asset Management, Inc., 622 So.2d 546 (Fla. 5th DCA 1993). In this case, no evidence was presented to demonstrate that MEM had "surrendered" the premises, as that concept is defined by case law. Kanter v. Safran, 68 So.2d 553 (Fla.1953). Moreover, the issue of whether the leasehold was "surrendered," thereby relieving MEM of its rent obligation, is a question of fact to be decided by the jury. Babsdon Co. v. Thrifty Parking Co., 149 So.2d 566 (Fla. 3d DCA 1963). Hence, the issue was properly submitted to the jury and we will not reverse the judgment awarding $94,307.08 to the Cusicks.
Additionally, we are not persuaded by MEM's argument that the court erred in declining its requests to include a claim for apportionment of the condemnation proceeds. The lease agreement contains a condemnation clause expressly providing that all condemnation proceeds go to the Cusicks. Compare Trump Enter., Inc. v. Publix Supermarkets, Inc., 682 So.2d 168 (Fla. 4th DCA 1996)(in absence of condemnation clause in lease agreement lessee entitled to apportionment of condemnation proceeds); Elmore v. Broward County, 507 So.2d 1220, 1222 (Fla. 4th DCA 1987)("If a landlord intends that no part of a condemnation award be distributed to his tenant, his lease should specifically provide that there is to be no apportionment.").
On cross-appeal, Laurence Cusick argues that the court erred in denying his motion for a judgment notwithstanding the verdict on MEM's tortious interference claim. We disagree.
Motions for judgment notwithstanding verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. The trial judge is authorized to grant such motion only if there is no evidence or reasonable inferences to support the opposing position.
Stirling v. Sapp, 229 So.2d 850, 852 (Fla. 1969). The record demonstrates that MEM presented sufficient evidence to overcome this standard.
Laurence Cusick relies on the lease provision affording the lessor the right to approve MEM's proposed sale of the lease to assert that a claim for tortious interference with a business or contractual relationship does not lie against one "who is himself a party to the business relationship allegedly interfered with." Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683, 684 (Fla. 3d DCA 1986); Mitchell v. School Board of Dade County, 566 So.2d 2 (Fla. 3d DCA 1990). However,
[t]he right of a lessor to disapprove of prospective assignees of a lease does not render the lessor immune from an action for tortious interference with the business *928 of the lessee where it can be shown that the actions of the lessor amounted to an intentional interference with an advantageous business relationship.
Nizzo v. Amoco Oil Co., 333 So.2d 491, 494 (Fla. 3d DCA 1976). In Genet, the facts demonstrate that the lessor was exercising the option for a proper purpose. The qualified privilege established in Genet "carries with it the obligation to employ means that are not improper. In other words, the privilege does not encompass the purposeful causing of a breach of contract." McCurdy v. Collis, 508 So.2d 380, 384 (Fla. 1st DCA 1987) (citations omitted). In the present case, as in Nizzo, Laurence Cusick was exercising his option to cause a breach of the MEM contract with MEM's buyer. See Morsani v. Major League Baseball, 663 So.2d 653, 657 (Fla. 2d DCA 1995); McCurdy, 508 So.2d at 384.
The record demonstrates that Laurence Cusick's actions were sufficiently egregious to overcome the immunity afforded a lessor, and to support the jury's finding that he committed the tort of intentional interference with a business or contractual relationship.[1] Therefore, the trial court properly denied Laurence Cusick's motion for judgment notwithstanding the verdict.
The remaining points on appeal and crossappeal lack merit.
Affirmed.
NOTES
[1] In denying Laurence Cusick's motion, the trial court remarked:

Looking at my notes ... what Mr. Thomas [MEM] described was an ongoing situation where every time they got to a certain hurdle, another hurdle was created ... so that by the time it's all over, Mr. Thomas [MEM] walks away with nothing.... Candidly, had I been the finder of fact, I would have come to the conclusion that [Cusick] effectively undermined that contractual relationship....
Hearing on Motion for Judgment Notwithstanding Verdict, p. 40.