Ms. Haylee A. Albert Orange County School Board Attorney 390 North Orange Avenue, Suite 1100 Orlando, Florida 32801
Dear Ms. Albert:
You ask substantially the following question:
May the Orange County School Board compensate landowners and tenants for moving and relocation expenses incurred as a result of the board's acquisition of land through eminent domain proceedings?
In sum:
The Orange County School Board in the exercise of its broad authority to exercise all powers to carry out school purposes, except as prohibited by law, may make a determination that the compensation of landowners and tenants for moving and relocation expenses incurred as a result of an eminent domain proceeding fulfills a school purpose. Before making the determination regarding payment of such expenses to a lessee or tenant, however, the board should review the lease or contract between the landowner and the tenant to determine whether a condemnation clause addresses who is responsible for moving or relocation expenses.
Section 235.05, Florida Statutes, confers upon school boards the authority and right to take private property for any public school purpose or use when, in the board's opinion, the property is needed in the operation of any or all of the public schools within the district.[1] While the board's authority to exercise eminent domain for school purposes is clear, there remains some question as to whether school funds may be expended to pay moving and relocation expenses incurred by a landowner or tenant as a result of the taking.
The question you have asked was previously addressed by this office in Attorney General Opinion 83-14, wherein it was concluded that a school lacked statutory authority to provide moving expenses to tenants who did not have a proprietary interest in the property that was subject to the taking. The opinion relied on section 236.29, Florida Statutes, stating that the "district school fund shall be apportioned, expended and disbursed in the district solely for the support of the public schools of the district as prescribed by law[,]" and section 237.02(3), Florida Statutes, providing that "[e]xpenditures from district and all other funds available for the public school program of any district shall be authorized by law." (e.s.) Reading these two statutes together, this office concluded that school boards had no inherent powers and possessed only such powers as the Legislature had conferred on them.
The position of this office in Attorney General Opinion 83-14 was based upon the law at that time. The 1983 Legislature, however, amended section 230.03(2), Florida Statutes, to provide:
"SCHOOL BOARD. — In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except asexpressly prohibited by the State Constitution or general law." (e.s.)
Section 7 of Ch. 83-324, Laws of Florida, deleted the language contained in section 230.03(2), Florida Statutes (1981), which stated that district school boards may exercise any power "for educational purposes except as otherwise provided by the State Constitution or law" and added the language "except as expressly prohibited by the State Constitution or general law." After adoption of this amendment, this office, in Attorney General Opinion 83-72 and subsequent opinions, has taken the position that the 1983 amendment conferred on school boards a variant of "home-rule power," and that a district school board may exercise any power for school purposes in the operation, control, and supervision of the free public schools in its district except as expressly prohibited by the State Constitution or general law.[2]
While you have expressed concern that the provisions of sections 236.29 and 237.02(3), Florida Statutes, act to limit the school district's authority to expend school funds only as prescribed by law, these provisions were in place before the amendment granting home rule powers to school districts was enacted and must now be read in conjunction with section 230.03(2), Florida Statutes. Thus, in the absence of any constitutional or statutory prohibition to the contrary, the school board may make the determination that the payment of moving and relocation expenses to landowners and tenants displaced as a result of eminent domain proceedings fulfills a school purpose.
You have cited to several cases in which the courts have made decisions regarding the inclusion or exclusion of moving expenses in the compensation that must be paid to landowners in eminent domain proceedings.[3] No statutory or constitutional limitation, however, has been cited that would constrain the actions of the school district beyond its finding that such expenditures carry out a school purpose.[4]
In Jacksonville Expressway Authority v. Henry G. Du PreeCompany,[5] the Supreme Court of Florida addressed whether the Florida Constitution and state statutes allowed a landowner to be compensated for the reasonable cost of moving personal property from lands acquired by a public authority in an eminent domain proceeding. Citing the constitutional guarantee of full and just compensation to the owner of property taken under such circumstances, the Court found that "a person who is put to the expense through no desire or fault of his own can only be made whole when his reasonable expenses are included in the compensation."[6]
The rights of a lessee or tenant of property that is subject to a taking, however, must be considered in light of the lease or contract with the landowner. For instance, in Orange State OilCompany v. Jacksonville Expressway Authority,[7] the court refused to extend the holding in Du Pree allowing compensation for moving expenses to a lessee who, by reason of condemnation proceedings, is required to vacate the premises, "particularly when . . . such lessee is obligated by the terms of its lease contract either to leave such property behind or to remove it at its own expense upon the termination of the lease. . . ."[8] While the court did not allow moving expenses to be paid to the lessee in Orange StateOil, it acknowledged that compensation may be paid to a lessee out of the total amount awarded to the fee simple owner.[9]
Accordingly, it is my opinion that the Orange County School Board may pay moving and relocation expenses when it makes the determination that the compensation of landowners and tenants for moving and relocation expenses incurred as a result of an eminent domain proceeding fulfills a school purpose. The board should review the lease or contract between the landowner and the tenant, however, to determine whether a condemnation clause addresses who is responsible for moving or relocation expenses of the lessee before making its determination regarding payment of moving and relocation expenses to the tenant or lessee.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See also, s. 74.011, Fla. Stat., providing:
"In any eminent domain action, properly instituted by and in the name of the state; any county, school board, municipality, . . ., the petitioner may avail itself of the provisions of this chapter to take possession and title in advance of the entry of final judgment." (e.s.)
[2] See also, Ops. Att'y Gen. Fla. 84-58 (1984), 84-95 (1984), 89-87 (1989), and 95-67 (1995).
[3] See, Jacksonville Expressway Authority v. Henry G. Du PreeCompany, 108 So.2d 289 (Fla. 1958) (condemnation of part of corporation's property necessitating vacation of entire property and movement of equipment and supplies entitled corporation to compensation for reasonable cost of moving personal property under constitutional provision requiring full or just compensation to owner before appropriation of private property); Malone v.Division of Administration, State of Florida Department ofTransportation, 438 So.2d 857 (Fla. 3d DCA 1983) (landowner entitled to cost of relocating reassembling processing plant); andBroward County v. Carney, 586 So.2d 425 (Fla. 4th DCA 1991) (full compensation for taking of private property does not include moving expenses).
[4] The discussion in this instance assumes there is no court ordered amount of compensation setting the amount that the school district must pay to the landowner in a condemnation proceeding; regardless of a school district's determination that the payment of moving or relocation expenses may serve a school purpose, a compensation award by the court would control.
[5] 108 So.2d 289 (Fla. 1958).
[6] 108 So.2d at 292.
[7] 110 So.2d 687 (Fla. 1st DCA 1959).
[8] 110 So.2d at 691.
[9] 110 So.2d at 691. See also, Trump Enterprises, Inc. v.Publix Supermarkets, Inc., 682 So.2d 168 (Fla. 4th DCA 1996) (eminent domain or condemnation proceeding where property is encumbered by leasehold requires determination of value of fee interest and the value of the leasehold interest; thereafter parties proceed to an apportionment hearing where court determines their respective rights in the amount awarded).
[10] See, Making Ends Meet, Inc. v. Cusick, 1998 WL 551974 (Fla. 3d DCA 1998) (tenant not entitled to apportionment of condemnation proceeds where lease contained condemnation clause expressly providing that all condemnation proceeds would go to landlords).