THEODORE T. EDGERTON, PLAINTIFF IN ERROR, VS. THE MAYOR AND ALDERMEN OF THE TOWN OF GREEN COVE SPRINGS, DEFENDANTS IN ERROR.

1. Section 12, Chapter 1,868, of the Laws of this State, as amended by Section 2, Chapter 3,024, which authorizes municipal corporations to extend and open streets, and make to the parties injured thereby such reasonable compensation and charge those benefitted reasonable assessments for benefits accruing to their property, is constitutional.

2. A municipal corporation may, in conformity to the provisions of such statute, appropriate private property to use as a street, making just compensation to the owner therefor, and the ownor cannot object upon a tender of such compensation on the ground that the money was the amouut or part of the amount taxed as a benefit to other neighboring proprietors.

Writ of Error to the Circuit Court for Putnam county, to which the case was transferred from Clay county.

The facts of the case are stated in the opinion.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

The proceeding in this case in the Circuit Court was upon a *certiorari* issuing from that court upon the petition of the plaintiff in error, Edgerton, directed to the defendants in error, the Mayor and Aldermen of Green Cove Springs, commanding a return to the Circuit Court of the records and proceedings of the Mayor and Aldermen of Green Cove Springs in the matter of the extension of Front street in said town over the grounds of the plaintiff in error, Edgerton.

The plaintiff in error, Edgerton, in his petition for the *certiorari*, claimed that the proceedings in the matter were irregular, and asked such action at the hands of the court as of right and according to law should be done. The proceedings of the municipal corporation were returned, and, upon their inspection and after hearing, the court found that there was no error and ordered that the petition be dismissed. The writ of error in this cause now brings this action here for review.

The grounds of irregularity set forth in the petition before the Circuit Court upon which the *certiorari* was issued were:

First. That the amount of damages assessed had never been tendered, or provision made for their payment. Second. That the proceedings are irregular and do not authorize the extension of said Front street over and upon the grounds and enclosure of the petitioner.

The grounds upon which the judgment of the Circuit Court is sought to be reversed here now do not correspond in all respects with those upon which the Circuit Court was desired to base its judgment. We do not understand that it is now denied that the amount of damages had been tendered. The Plaintiff in Error here denies the power of the Legislative Department of the government to enact the statute under which the extension of the street has been ordered by the municipal corporation, questions the regularity of the proceedings as shown by the record, and affirms that the Mayor and Aldermen were not justified by the proceedings in directing the extension desired.

The municipal corporation claims to exercise this power under Section 12, Chapter 1868, of the Laws of Florida, as amended by Section 2, Chapter 3024, Laws, approved March 8, 1877.

This section, as amended, read: "The City or Town

142        SUPREME COURT.

Edgerton v. Mayor, &c., Green Cove Springs—Opinion of Court.

Council shall have power to regulate, improve, alter, extend and open streets, lanes and avenues; to cause encroachments and obstructions, decayed buildings and ruins to be removed; to construct drains and sewers, and make to the parties injured thereby such reasonable compensation, and charge upon those benefited such reasonable assessments, as may be agreed upon by the said council and the said party or parties; and in case no such agreement can be made, then the council shall appoint five discreet persons, holders of real estate in said city or town, to ascertain and fix on the one hand a fair and equitable assessment, and on the other a just compensation; and that the said assessment shall be a lien on the real estate improved and assessed; and that every person who enters his particular drain into the main drain or common sewer, and receives a benefit thereby from draining his land, shall pay to the city or town his proportional part of making or repairing the same."

It is insisted that this section conflicts with Sections 1 and 6, of Article XII., of the Constitution, and that the provisions of the section in the matter of extending and opening this street are void.

These sections of the Constitution are as follows:

Section 1. "The Legislature shall provide for a uniform and equal rate of taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, literary, scientific, religious or charitable purposes."

Section 6. "The Legislature shall authorize the several counties and incorporated towns in the State to impose taxes for county and corporation purposes, and for no other purpose; and all property shall be taxed upon the principle established for State Taxation. The Legislature may also

provide for levying a special capitation tax and tax on licenses ; but the capitation tax shall not exceed one dollar per annum for all purposes, either for State, county or municipal taxes."

The first question to which we address ourselves is whether this act of the Legislature is constitutional ? In the discussion of this question the counsel of the Plaintiff in Error has, to a considerable extent, viewed it in connection with the particular proceedings, the legality of which is here questioned. This tends to confusion. The constitutionality of this legislation in no manner depends upon the acts performed by this municipal corporation in the proposed extension of the street. The act grants the power to extend the street, the parties injured thereby to be reasonably compensated for any injury they may sustain, the parties benefited to be charged with such reasonable assessment as may be agreed upon; and in case no agreement is made a method is provided by which the extent of the benefit, as well as the degree of injury, is to be ascertained. The abutting owner is not charged with the cost of the improvement made, and the charge for the benefit conferred is not by the act or any manner restricted to the owners of property bordering on the street or elsewhere. All persons benefited, whether they live in one district or another, and whether they own land bounded by the street proposed to be extended or not, are to be charged to the extent that they are benefited. A more just or fairer rule in the matter of extension of a street, we think, could not have been adopted, and it would be strange indeed if the power was not in the Legislature to prescribe it. Analyzing this statute it may be divided into three parts, when viewed in reference to the extension of a street :

First. The power to extend the street. We do not understand it to be denied that such a power, when the Legis-

lature is not restricted in the matter, may be granted by the Legislature to a municipal corporation. There is in this State no restriction.

Second. For the injury sustained by the extension of the street over the land of the party he is to be compensated. This clearly is the exercise of the power of eminent domain. It is the taking of private property for public use, making compensation therefor, and there is no doubt that the Legislature may confer the power here granted in this respect to this municipal corporation.

Third. To the extent that the property of any party is benefited, the statute authorizes a charge against such party.

As remarked by the Supreme Court of Massachusetts in the case of Wright vs. City of Boston, 63 Mass., 240, when speaking of the case of a drain, " the assessment is laid upon the lands specially and exclusively benefited  *  *  * upon the simple principle of equalizing the expense upon those who enjoy its advantages, and in this way all are taxed upon the same just and equal principle with reference to the benefit conferred."

So far as this statute requires payment for benefits it; according to the authorities, imposes a tax. I confess that I cannot see how a charge made by a municipal corporation for a benefit conferred upon the property of an individual can be called strictly a tax. I take a tax to be a burden imposed and not payment for a benefit conferred by increased value given to a particular piece of property, but whatever may be our own views the authorities give it this legal status, and in addition thereto such tax is sustained as equal and uniform in its character, the rule of apportionment being the benefit conferred by the construction of the proposed public improvement, and this is true whether that rule is extended in its operation to the whole of a municipal corporation, or is restricted to a ward or district in

JUNE TERM, 1882.          145

Edgerton v. Mayor, &c., Green Cove Springs—Opinion of Court.

which the benefit resulting to property is conceived to accrue. The exercise of the taxing power is a legislative function. "To arrest the legislation of a free people, especially in reference to burdens self-imposed for the common good, is to restrain the popular sovereignty, and we should have clear warrant for it in the letter of the fundamental law. The legislation complained of here is of a character made indispensable by the growth and prosperity of towns and cities. It is a fair and legitimate mode of taxation, because it imposes the burdens exactly where the benefits are conferred and its constitutionality is unquestionable." Mr. Justice Woodward in the case of Schenley vs. City of Alleghany, 25 Penn. State, 130.

The clauses in our Constitution in reference to this subject are not grants of power but are limitations upon the power of taxation which exists in the legislative department of the government. To prove that an assessment for benefits of the character here complained of is taxation is to establish that the exercise of such power is a legislative function, and to find its limitation we must look to the Constitution. While our Constitution is very strict in its limitations as to the matter of exemptions from taxation, so far as the mode is concerned, it simply provides for a uniform and equal rate of taxation. In this statute the rule of apportionment is according to the benefit conferred, and the rate is uniform and equal when measured and determined by this of all others the most just rule. It is not essential that all of the property in a city or town should be taxed for the extension of a street or the sinking of a sewer in one portion of it. Say the Court of Appeals of New York in The People vs. Mayor of Brooklyn, 4 Com., 430: "There never was any just foundation for saying that local taxation must necessarily be limited by or co-extensive with any previously established district. It is wrong that

a few should be taxed for the benefit of the whole, and it is equally wrong that the whole should be taxed for the benefit of the few. No one town ought to be taxed exclusively for the payment of county expenses, and no county shall be taxed for the expenses incurred for the benefit of a single town. The same principle of justice requires that where taxation for any local object benefits only a portion of a city or town that portion only should bear the burden." Under the statute we are considering there is no limitation of the operation of the rule of taxation to any particular district. If the benefit resulting from the public improvement is held to be general in its character, we see nothing in the statute preventing taxation of a general character or payment from funds in the treasury of the corporation. If it is confined to a particular ward or street or locality we see nothing preventing a corresponding restriction of the tax to the persons owning the property there located. In either aspect there is nothing in the Constitution denying such power to the Legislature.

We think an examination of the cases cited in 2 Dill. Mun. Corp., Third Edition, Secs. 616, 752 and 761, will show that the conclusions we reach are abundantly sustained.

The only remaining question is whether the proceedings of the municipal corporation in this case were of a character which, under the statute, should have been set aside by the Circuit Court upon *certiorari*.

The record discloses that the corporation find that it is for the benefit of the citizens of the town that Front street should be opened its entire length. After failure to agree upon what compensation should be made to Mr. Edgerton, the council, in compliance with the statute, appointed five discreet persons, holders of real estate in the town, to ascertain and fix on the one hand a fair and equitable assessment,

and on the other a just compensation. After full and fair notice to Mr. E. this committee found that Mr. Edgerton would be damaged one thousand dollars. The town made a tender of this sum to him which he declined. The council also agreed also to relieve Mr. E. of any and all expense of grading or opening and fencing the street. If there was any tax or assessment to be levied upon the adjacent property of Mr. E. we are unable to find it in the record of the final action of the corporation. The property to be taken from him was valued at $1,000, and this sum he was tendered. It is true that the cost of grading, extending and fencing the street was estimated at a certain sum, but Mr. E. was not to pay it, nor do we see where he was charged with it. The committee as to Thadeus Davids and Clinch, who were owners of lots in the neighborhood, fixed as a fair assessment " on account of the benefits resulting to them by reason of the opening and extension" of the street, one-half of the sum awarded to Edgerton. There is not the least legal foundation for any objection by Mr. E. to taxes thus assessed against Mr. D. & C., nor does taxation made for the opening of a street or sinking of a sewer cease to be for a public purpose because such acts may benefit individuals. The case disclosed by the record is not one where the power exercised was that of taxation against the petitioner, Edgerton. His property is proposed here to be taken for public use, and he is tendered compensation found to be adequate therefor by a tribunal legally authorized so to do. This is the exercise of the power of eminent domain, and there is no question that the Legislature could delegate such power to the town of Green Cove Springs. Our necessary conclusion is that the judgment of the Circuit Court dismissing the petition is affirmed with costs to defendants in error.