ALLEN, Acting Chief Judge.
This is an appeal from a final order apportioning a condemnation award between a fee owner and a lessee pursuant to F.S. Section 73.12, F.S.A. Appellant is the lessee.
The issues between the owner, lessee and the condemnor were amicably settled and final judgement entered determining just compensation for the taking to be $11,280.65. Of this amount it was stipulated that $1,-604.77 was for improvements that were condemned and should go to appellant-lessee. The parties could not agree as to the division of the remaining $9,675.88 and thus jointly petitioned the court to determine what division of this portion of the award should be made. The parties are agreed that said $9,675.88 represented the value of the land taken without improvements. The land taken comprised 11.8 per cent of the total tract under lease. The lease became effective on January 1, 1949, and will terminate on December 31, 1990. The premises involved are leased to appellant for an annual ground rental of $2,000.
A hearing was held and the order here appealed entered. Of the $9,675.88 in controversy, the court awarded $7,517.65 to ap-pellees-fee owners and $2,158.23 to appellant-lessee. Petition for rehearing was made and denied.
The appellant, in its appendix, shows a joint petition on the part of the appellant- *831 lessee and appellees-lessors which presents the following statement of facts:
“1. That the sum in controversy, to wit: $9,675.88, represents the agreed value of the land taken by the plaintiff on and as of April 12, 1960.
“2. That the defendants FON-TAINE FOX and EDITH FOX, his wife, were and are at all times relevant hereto the owners of the fee title to the parent parcel, namely a .tract of land situate in the City of Delray Beach more particularly described as follows:
“The North 100 feet of Lot 1 and the North 100 feet (less the East 5 feet) of Lot 2, in Block 109, Townsite of Linton, now known as Delray Beach, according to the plat thereof recorded in Plat Book 1, at page 3, of the public records of Palm Beach County, Florida, such land having a frontage of 85 feet on East Atlantic Avenue and 100 feet on Southeast Fifth Avenue.
“3. Likewise that the defendant PARKS BUILDING, INC. was and is, at all times relevant hereto, the Lessee of said tract of land under and by virtue of a Lease dated February 9, 1949 which is recorded in Deed Book 872, at page 424, of the public records of Palm Beach County, Florida. That the term of said Lease is a period of forty two years, commencing January 1, 1949 and terminating December 31, 1990, at an annual rental of $2,000.00 per year. That in accordance with said Lease, said Lessee did erect the store building presently existent on the premises.
“4. That said Lease contains no provision with respect to condemnation of the lands under the Lease, or part of them.”
Also included in the appellant-lessee’s appendix is a Supplement to Stipulation of Facts as follows:
“Without conceding their relevancy, the parties to the foregoing stipulation and petition regarding Parcel No. 78 hereby stipulate that the following are true and correct statements of fact:
“1. That Parcel No. 78, the land taken, comprised the West 10 feet of the tract leased by defendant FOX and wife to defendant PARKS BUILDING, INC. and areawise consisted of 11.8% of the total tract under lease, leaving 88.2% of the area leased.
“2. That no physical portion of the building was taken by these proceedings except a brick planter whose value is included in the $1,604.77 admitted to belong to defendant Parks Building, Inc.
“3. That the 10 foot parcel taken was previously used as a privately owned sidewalk and was replaced by a 6 foot public sidewalk.
“4. That in the building located on the premises are six stores or storerooms, three of which front only on Atlantic Avenue and three of which have frontage on S. E. Fifth Avenue (U.S. No. 1), the street widened as the result of this eminent domain proceeding. ' That the three having frontage on S. E. Fifth Avenue (U.S. No. 1) are as follows:
LEASE MONTHLY
“TENANT PERIOD RENTAL
Paul Mull 9/1/57 to 8/31/62 $250.00 (average) Victor D. Till 10/15/59 to 10/14/62 $100.00 James A. Harper 11/1/59 to 10/31/62 $100.00
“All of said tenants are in occupancy under formal leases. A voluntary reduction of $50.00 per month was given for three months ($150.00) to tenant Victor Till during construction work. No other adjustments have been made.
“5. That it was necessary because of the resultant street widening, elimination of the 10 foot privately owned sidewalk, replacement with a 6 foot public sidewalk, and State Road Department setback requirements that the window- awnings on the store leased by *832 Paul Mull be cut and rebuilt (shortened) and relocated (at a higher level) at a cost of $310.00, which sum is included in the $1604.77 admitted to belong to defendant Parks Building, Inc. That the other tenants (Till and Harper) have temporarily arranged to comply with the State Road Department setback requirements by maintaining their awnings at a semi-lowered level. That tenant Paul Mull (men’s clothing •store) contends that this restriction on .awning facilities permits extensive sunlight on his merchandise and that draperies of a cost of $500 to $750 will be required for merchandise protection.
“6. That annexed to the original •copy of this ‘Supplement’ are five photographs numbered 1 thru 5, inclusive. That numbers 1 thru 3 depict the premises in question before the taking and the construction work. That numbers 4 and 5 depict the premises after the taking and the construction work.”
The trial judge, in his order, stated that stipulated facts were set forth in the record and filed August 31, 1961; that the amount of the award was $11,280.65, plus attorneys’ fees in the amount of $500.00; that the parties agreed that $1,604.77 of the award belonged to the defendant-lessee, Parks Building, Inc.; and that the balance of the award was in dispute. The court then held 1) that the attorneys’ fees awarded should be divided evenly between Nowlin & Adams and Burns, Middleton, Rogers & Farrell, in accordance with stipulation of counsel; 2) that the defendants, Fontaine Fox and Edith Fox, the owners, should be paid the sum of $7,517.65; and that the defendant, Parks Building, Inc., the lessee, should be paid the sum of $3,763.00, of which $2,158.23 was the lessee’s adjudicated share of the disputed $9,675.88.
The appellant-lessee, in its petition for rehearing alleged that the lower court was confused in the sums allotted to the respective parties in that the fee-owners were entitled to receive the present value, of the reversion of the land thirty years and nine months hence (computed at 5%), or the sum of $2,158.69, and that the appellant, Parks Building, Inc., as holder of the ground lease, was entitled to the balance, or $7,517.19.
The lower court, on the petition, granted a rehearing but adhered to its former ruling, leaving the sums allotted to the parties at $7,517.65 and $2,158.23 to the owners-lessors and the appellant-lessee, respectively. It was the duty of the lower court, under the factual situation before him, to divide the fund in order to award just compensation to both the lessors and to the lessee.
A factual determination having thus been made, we cannot say, under the record in this case, that the trial judge erred.
We do not think that, under the facts as disclosed by the record, a correct answer could be found by formulaic process. A ten foot strip of land along the west side of the property was used as a private sidewalk before the taking. After the taking, six feet of the ten foot strip continued as a sidewalk and became a public rather than a private sidewalk. The other four feet of land became part of a widened street. The buildings were built to the original ten foot sidewalk or set back line. There is nothing in the record that shows that the appellant, who is renting this property from the owners-lessors and in turn sub-renting to various parties, will be injured by the change in the size of the sidewalk from 10 to 6 feet and the change from a private to a public status.
It was agreed that the lessors receive the same sums from the lessee as before the taking and that the tenants of the sub-lessee continue to pay the same sums as before the taking. The appellees, in their brief, point out that the yearly rental under the lease is $2,000.00 and that the land area of the 10 foot strip is 11.8% of the total leased area. They argue that since six of these ten feet remain in use as a sidewalk, albeit a public as opposed to a private one, appellant-lessee’s percentage of loss in relation to *833 the annual ground rent is only 4.72% of $2,-000 or $94.40 annually. The present cost of purchasing an annuity for the appellant-lessee which would produce $94.40 per year for thirty years and nine months, calculated on a 5% interest rate, would be $1,466.76. Upon the same basis of computation, even if the appellant lost the entire use of all of the 10 foot strip, its loss would come to $3,666.90.
The appellee cites a circuit court case, Raleigh Operating Co. v. Naglo Corporation, 3 Fla.Supp. Ill, in which Judge Vincent Giblin held that the lessor was entitled to the award for the property taken but that the lessee was entitled to the amount of money that the award money could earn if invested in high grade securities over the balance of the term of the lease. In that case the judge determined that such earning power was Zi/2% per annum. The appellee then argues from this case that the land award was $9,675.88 which represents the taking of 10 feet of land on which a private sidewalk had been located. The condem-nor replaced this with a 6 foot sidewalk so the actual loss to the appellant was only 40% of the total area taken. Forty percent of the total award would amount to $3,870.-35, which, if invested at 3^4%, would yield $135.46 annually. The appellant would thus be entitled to a sufficient sum to purchase an annuity which would earn $135.46 for the remaining term of the lease which, based on a 5% interest rate, would be $2,104.68, and which compares with the actual figure arrived at by the lower court of $2,158.23.
The appellees state in their brief:
“In ‘Long and Short Term Leaseholds’ by Stanley L. McMichael, at page 97, we find the following:
‘Short term leases such as 20, 30, 40 and 50 years must be appraised on the present worth of an annuity.’ ”
It is stated in Nichols on Eminent Domain, Vol. 2, § 5.23, p. 37:
“ * * * Both the lessor and the lessee are entitled to share the award according to their respective interests. Compensation is due the lessor for damage to his reversionary interest and to the lessee for damage to his leasehold. If the leasehold only is affected by the taking the lessor is not entitled to any part of the award.”
We find nothing in the stipulated facts that shows a damage to the leasehold which could overcome the presumption of the correctness of the lower court’s determination of the sum due the appellant-lessee.
Affirmed.
KANNER and WHITE, JJ., concur.