189 So.2d 793 (1966)
Lillian G. CARTER, Defendant-Appellant,
v.
STATE ROAD DEPARTMENT, Petitioner-Appellee, and American Oil Company, Defendant-Appellee.
No. 34495.
Supreme Court of Florida.
June 22, 1966.
Rehearing Denied September 29, 1966.
*794 Jim H. Carter, Fort Lauderdale, for appellant.
P.A. Pacyna, Tallahassee, for State Road Department.
Herbert S. Sawyer and Peter C. Jones of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for American Oil Co.
CALDWELL, Justice.
This appeal is here for disposition of the questions (1) whether, by reason of constitutional due process, lessee American Oil Company, appellee, in eminent domain brought by the State Road Department, appellee, is entitled to have its compensation fixed by the jury and (2) whether F.S. § 73.12 F.S.A.[1] is constitutional.
The essential facts are appellant Carter was the owner and appellee American Oil Company was lessee of property condemned by the State Road Department. Appellant Carter and appellee American Oil Company, prior to trial moved for separate jury verdicts, contending Florida Stature § 73.12, F.S.A., which prescribed a single award of damages with subsequent apportionment of that award by the court between the various parties in interest, is invalid and a deprivation of right to jury trial guaranteed by the Florida Constitution.
The trial judge denied the motion for separate verdicts[2] and the cause proceeded to trial. The jury awarded $56,200 and the court, pursuant to F.S. § 73.12, F.S.A., apportioned $3,600 of that award to appellee American Oil Company as compensation for the taking of the leasehold.
Appellant Carter in her appeal contends the lessee American Oil Company was not entitled to compensation. Appellee American Oil Company cross-appealed, assigning as error the trial court's denial of its motion for separate jury trial and its ruling which upheld the constitutionality of F.S. § 73.12, F.S.A.
Appellant Carter's contention that appellee American Oil has a "mere contract right" and is not an "owner" entitled to compensation is without merit. It is established[3] that a valid lease for a term of years-constitutes a proprietary interest in land and we hold that, for the purposes of entitlement to compensation under Chapter 73, Florida Statutes, F.S.A., American Oil Company, lessee for a term of years, is an owner.
*795 Appellee American Oil contends that F.S. § 73.12, F.S.A., is in violation of the Declaration of Rights, §§ 3[4] and 12[5] and Article XVI, § 29[6] of the Florida Constitution, F.S.A.
We construe § 3 of the Declaration of Rights to mean that if, at the time of its adoption, there was a right to a jury trial in a given justiciable controversy such right thereafter remained inviolate.[7] The authorities are generally agreed and we hold the right to jury trial in eminent domain did not exist at common law.[8]
No decision of the Florida Supreme Court, rendered prior to the adoption of the Constitution sustains a right to jury trial in condemnation. Tending to the contrary and of passing interest, the Moody decision[9] upheld a statute that authorized the value of property taken to be fixed by court appointed "commissioners of appraisal" and the Edgerton case[10] upheld an evaluation made by "five discreet persons, holders of real estate in said city or town." Inasmuch as no right to a jury trial existed at common law, we find nothing in § 3 of the Declaration of Rights to require it. Neither do we find authority for the proposition that a jury trial is required by § 12 of the Declaration of Rights.
We think the Daniels case[11] finally and clearly decided that § 29 of Article XVI applied to condemnation by private corporations and individuals and does not apply to the State, its agencies and political subdivisions. The Court there held:[12]
"It is our considered opinion, then, that the framers of the Constitution of 1885 intended to spell out, in Section 29 of Article XVI, what would be `just compensation' for property taken by a private corporation or individual for their use in performing a public service, and, in addition, the method of determining such compensation and the time of payment thereof; and that, by leaving Section 12 of the Declaration of Rights intact, they intended for the state and its agencies and political subdivisions to be subject to the more general provisions thereof  `nor shall private property be taken without just compensation'."
We have concluded F.S. § 73.11, F.S.A., and F.S. § 73.12, F.S.A., are not in violation of the Constitution and that, *796 under F.S. § 73.10, F.S.A., a jury shall try "what compensation shall be made to the defendants for the property sought to be appropriated."
We construe the language last above quoted to mean that the trial court shall admit to the jury all pertinent proffered facts touching the value of the fee and the leasehold and that the jury must evaluate both interests and render an inclusive verdict. Absent a showing in the record to the contrary we must presume the trial court observed the legal proprieties and the jury had before it all facts essential to the inquiry. This presumption is noted notwithstanding the statements made in argument and in the briefs to the effect that the trial court rejected the proffer by the lessee of evidence of value of the lease. This Court in its deliberations is necessarily circumscribed by the record of the proceedings below.
We find nothing inconsistent in the requirement of F.S. § 73.10, F.S.A., that the jury try what compensation shall be paid the defendants for the property sought to be appropriated and the provision of F.S. § 73.12, F.S.A., requiring that the compensation awarded by the jury be apportioned by the trial court upon its determination of the respective rights of owner and lessee. The language of § 73.12 presupposes that the facts touching the value of the fee and the leasehold were considered by the jury in reaching its lump sum award.
Affirmed.
THORNAL, C.J., and ROBERTS, O'CONNELL, ERVIN and BARNS (Retired), JJ., concur.
THOMAS, J., dissents.
NOTES
[1] Fla. Laws ch. 59-450, § 1 at 1491 [now Fla. Stat. § 73.101 (1965), F.S.A.] as it read prior to August 4, 1965: "73.12 Form of Judgment.  The judgment shall recite the verdict in full and shall be that the property therein described be appropriated to the petitioner in fee simple, or the particular right or estate in said property sought, be appropriated to the petitioner upon the petitioner paying or securing by deposit of money the compensation found by the verdict of the jury. The compensation awarded by the jury shall be determined as a whole irrespective of the interest of the various parties in such parcel. The court upon appropriate petition shall determine the rights of any owners, lessees, mortgagees, judgment creditors and lienholders in respect to the compensation awarded to each owner by the verdict, and the method of apportionment among interested parties together with the disposition of any other matters arising from the taking."
[2] Cases cited by the trim court in support of its order are: Rich v. Harper Neon Co., 124 So.2d 750 (Fla.App.2d 1960) and Parker v. Armstrong, 125 So.2d 138 (Fla.App.2d 1960), cert. denied without opinion 133 So.2d 321 (Fla. 1961).
[3] State Road Department v. White, 161 So.2d 828 (Fla. 1964).
[4] "Section 3. Trial by jury inviolate.  The right of trim by jury shall bee (sic) secured to all, nod remain inviolate forever."
[5] "Section 12. Double jeopardy; self-incrimination; eminent domain; right to work.  No person shall be subject to be twice put in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken without just compensation."
[6] "Section 29. Condemnation of property; compensation.  No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation, irrespective of any benefit from my improvement proposed to such corporation or individual, shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law."
[7] Dudley v. Harrison, McCready & Co., 127 Fla. 687, 173 So. 820 (1937); Hathorne v. Panama Park Co., 44 Fla. 194, 32 So. 812 (1902).
[8] 30 C.J.S. Eminent Domain § 372 (3) (1985); 1 Nichols, Eminent Domain § 4.105(3) (1964).
[9] Moody v. Jacksonville, Tampa and Key West Railroad Company, 20 Fla. 597 (1884).
[10] Edgerton v. Mayor, etc., of Town of Green Cove Springs, 19 Fla. 140 (1882).
[11] Daniels v. State Road Department, 170 So.2d 846 (Fla. 1964).
[12] Id. at 851.