COBB, Judge.
Mullis, a lessee, appeals from an order of apportionment of a condemnation award wherein appellant was denied any part of the award. Appellees Henning were the lessors and owners of the parcel condemned. The Department of Transportation took the land in question pursuant to Chapter 73, Florida Statutes. Subsequent to a trial by jury and award of compensation to the Hennings, an apportionment hearing was held. The trial court determined that pursuant to paragraphs 8 and 10 in the lease between the Hennings and Mullis that the lessee had no right to share in the condemnation award.
A leasehold interest is property in the constitutional sense, and a lessee is entitled to compensation for the taking of his interest in whole or in part. E.g., Rice v. City of Ft. Lauderdale, 281 So.2d 36 (Fla. 4th DCA 1973), affirmed in part, modified in part, reversed in part, 313 So.2d 649 (Fla.1975). However, a lease may contain a condemnation clause which will usually spell out that in the event of a taking by eminent domain the lease is terminated and the lessee has no estate or interest in the property remaining after the taking which would sustain a claim for compensation. See generally 2 Nichols on Eminent Domain, § 5.23(2) (3d ed. 1979); 27 Am.Jur.2d Eminent Domain § 250 (1966); Annot., 96 A.L.R.2d 1140 (1964).
The issue is whether the terms of the lease may be interpreted to reflect an agreement by the parties to effect an automatic termination of the lessee’s interest in the event of a permanent taking by the state’s exercise of the power of eminent domain. The critical paragraph of the lease agreement between the Hennings and Mul-lis read:
10. It is mutually covenanted and agreed by and between the Lessors and Lessee that in case the said demised premises or any part thereof shall, during any portion of said term or any extension thereof, come into the possession of any receiver, assignee, or other officer acting under the order of any court, or any sheriff, marshal, or any other officer, the Lessors shall have the right at their election to terminate said term, or in case they shall not exercise this right of termination, to accept rent from said receiver, trustee, executor, assignee, sheriff, marshal, constable, or other officer for the term of such occupancy without impairing or affecting in any way the rights of said Lessors against the said Lessee under this lease, (emphasis added).
We are of the opinion that the phrase “during any portion of said term” does not refer to a permanent taking but indicates that the parties were contemplating a temporary loss of possession. In addition, the phrase “come into the possession of any ... as-signee” does not refer to a loss of title.
It has been held that the law does not look with favor on clauses causing forfeiture of the lessee’s interest on condemnation, hence, a lease covenant will be construed not to have that effect if its language in the circumstances possibly permit.
2 Nichols on Eminent Domain, § 5.23(2). We hold that appellant/lessee was not barred by contract from sharing in the condemnation award. Accordingly, the order denying the appellant/lessee’s right to share in the condemnation award is reversed. Since the trial court expressly reserved ruling upon the valuation[1] of the lessee’s interest, this cause is remanded with directions to hold an apportionment hearing to determine the compensation due to appellant/lessee.
REVERSED and REMANDED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. See generally Orange State Oil Co. v. Jacksonville Expressway Authority, 110 So.2d 687 (Fla. 1st DCA 1959), cert. denied, 114 So.2d 4 (Fla.1959); 4 Nichols on Eminent Domain, § 12.42(3).