507 So.2d 1220 (1987)
Robert L. ELMORE and Geraldine C. Elmore, Appellants,
v.
BROWARD COUNTY, a Political Subdivision of the State of Florida, Earl Turnquist, et al., Appellees.
No. 4-86-0099.
District Court of Appeal of Florida, Fourth District.
June 3, 1987.
*1221 Kenneth G. Stevens, Fort Lauderdale, for appellants.
Eugene L. Heinrich and Rick J. Burgess of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Fort Lauderdale, for appellee-Budget Rent-A-Car of Broward, Inc.
LETTS, Judge.
This case evolves from a successful eminent domain proceeding wherein Broward County condemned real property adjacent to the Fort Lauderdale airport. Budget Rent-a-Car, as the tenant, had an ongoing lease of the premises condemned and the trial court awarded it $85,000 out of the $725,000 total granted to the landlord. We affirm.
It is conceded that the rental car company is entitled to $45,000 to compensate it for improvements made to the premises. The remaining controversy centers on the $40,000 balance, awarded to compensate the rental car company for the loss of an "advantageous and valuable" property right under the lease which had approximately 6 1/2 years to run.
Both parties and the trial court agree that the outcome is governed by paragraph VI of the lease and likewise agree that the language of said paragraph is clear and unambiguous. However, they are in total disagreement as to what result the language of the paragraph dictates. The applicable language is as follows:

VI.

CONDEMNATION
It is further understood and agreed that if at any time during the continuance of this lease the demised property, or improvements or buildings situated thereon, or any portion thereof, be taken or appropriated or condemned by reason of eminent domain, or taken under threat of eminent domain, that there shall be such division of the proceeds and awards in such condemnation proceedings, and such abatement of rent and other adjustments made as shall be just and equitable under the circumstances. If the Lessor and Lessee are unable to agree upon what division, annual abatement of rent or other adjustments are just and equitable within thirty (30) days after such award has been made, then the matters in dispute shall, by appropriate proceedings, be submitted to the court having jurisdiction over the subject matter of such a controversy in Broward County, Florida, for its decision and adjudication of the matters in dispute. If the legal title to the entire premises be fully taken by condemnation, then in that event, this lease shall be cancelled. Specifically, the provisions of the sentence immediately preceding this one do not apply to anything less than a condemnation and taking of the entire ownership of the legal title.
In affirming the trial judge's conclusion, it would appear that we can do no better than adopt the language employed in his opinion when he said:
The initial portions of Paragraph VI clearly and unambiguously created an affirmative *1222 right in Defendant Budget to a fair and equitable portion of any eminent domain award for either a partial or total taking of the demised property. The basic and sole issue was and is whether the final portion of the paragraph providing that in the event of a total taking the lease is cancelled should be construed to mean that the lessee's rights, whether under the law and constitution of Florida or as set forth in the preceding portions of the paragraph are automatically extinguished by the "cancellation" provision. I find that said phraseology, standing alone, does not extinguish Budget's rights.
I find that in order to have the effect argued and asserted by Defendants Elmore, the lease would have had to have contained an additional clear expression that the lessee's estate and interest in property and its rights triggered by the eminent domain taking are nullified or that such rights do not exist or are rescinded in the event of total taking. Particularly, in view of the express contractual provisions in the earlier portion of Paragraph VI, some clearer expression of release or rescission of those rights in addition to bare cancellation of the lease and termination of the relationship would have been required.
In making these determinations I have considered particularly the case of Mullis v. Division of Administration, 390 So.2d 473 [Fla. 4th DCA 1980] and the case law indicating that bare termination or cancellation of a contract does not, in all instances, eliminate or extinguish claims or causes of action arising out of that contract and the legal relationship between the parties thereto. To give the "cancellation" sentence in Paragraph VI the legal effect asserted by Defendants Elmore under these circumstances would be tantamount to approving a forfeiture of other rights created both by law and the contract itself.
We agree. The opening sentence of paragraph VI in the lease, permits of a division of the proceeds between landlord and tenant and the later sentence calling for the lease to be cancelled is not inconsistent with such division. If a landlord intends that no part of a condemnation award be distributed to his tenant, his lease should specifically provide that there is to be no apportionment. See Annot., 96 A.L.R.2d 1140 § 4 (1964).
AFFIRMED.
GLICKSTEIN and STONE, JJ., concur.