512 So.2d 206 (1987)
J. Franklin DAMA, Appellant/Cross-Appellee,
v.
RECORD BAR, INC., A.L. West, Janet M. West, Arthur A. West, Mary West Ryan, Lawrence C. West, and Richard L. West, Appellees/Cross-Appellants, and
Sunbelt Enterprises, d/b/a Waterbed Delight, and City of Tallahassee, Appellees.
No. BN-51.
District Court of Appeal of Florida, First District.
May 21, 1987.
On Motion for Rehearing August 26, 1987.
*207 L. Ralph Smith, Jr., Robert Cintron, Jr., of Dearing & Smith and Jesse F. Warren, Jr., Tallahassee, for appellant Dama.
M. Stephen Turner, of Culpepper, Pelham, Turner & Mannheimer, Tallahassee, for appellee/cross-appellant Record Bar.
Richardson Law Offices, P.A., and Roberts, Baggett, LaFace & Richard, Tallahassee, for appellees/cross-appellants A.L. West, et al.
Keith C. Tischler, of Parker, Skelding, Costigan, McVoy & Labasky, Tallahassee, for appellee Sunbelt Enterprises; Robert A. Mick, of Henry, Buchanan, Mick & English, Tallahassee, for appellee City of Tallahassee.
WENTWORTH, Judge.
Dama appeals an order which apportioned settlement proceeds among the various parties for the City of Tallahassee's condemnation of real property. Record Bar Inc. and the Wests separately cross-appeal. We find that the court below erred as to the amount awarded Dama and the Wests, and as to the denial of prejudgment interest for the Wests' excess withdrawal of the settlement proceeds. We otherwise affirm the order appealed.
The City of Tallahassee initiated condemnation proceedings in 1983, seeking by eminent domain to acquire land owned by the Wests. The City made a $410,000 deposit as its estimate of value for the property. The Wests obtained an order of the court allowing them to withdraw this deposit. The condemnation action was subsequently settled with a stipulated value of $505,000.
Although the Wests were the owners of the property, they had entered into a lease with Dama in 1978, by which Dama was given a leasehold interest in the property for five years with renewal options through 1993. Dama had in turn subleased a portion of his interest to Record Bar. This sublease extended through 1985, with an option for renewal. Dama had subleased the remaining portion of his interest to Sunbelt Enterprises. At the time of condemnation Sunbelt had exercised and was in the renewal term of its lease.
Dama, Record Bar and Sunbelt sought apportionment of the condemnation settlement proceeds. A hearing was held at which expert testimony was presented regarding the value of the various leasehold tenancies. Dama's appraiser expressed an opinion that the value of Dama's leasehold interest in the property was slightly in excess of $147,500. In making this calculation the appraiser considered the options on both Dama's lease and Record Bar's sublease, and utilized a net income valuation method which deducted the amounts payable for the prime leasehold from the amounts receivable for the two subleases.
Record Bar and Sunbelt employed a different appraiser and presented his expert testimony as to the value of their leasehold *208 interests. This appraiser made his determination of value based upon the difference between the market cost of similar leasehold property and the contract payment for the Record Bar and Sunbelt leases. The appraiser considered Record Bar's option to renew, and testimony was presented suggesting that due to the favorable terms it was likely that the option would be exercised.
The Wests also presented expert appraisal testimony, and at the conclusion of the hearing the court entered an order of apportionment. The court valued the leasehold and sublease interests substantially in accordance with the value assigned by each of the leaseholders' expert witnesses, and determined that the value of Dama's leasehold interest was $147,500. After further determining that prejudgment interest was inappropriate the court directed the parties to attempt an amicable disposition of the contested funds. The parties were unable to reach an agreement whereupon the court made an award of the settlement proceeds. Record Bar and Sunbelt were awarded the full amount of the apportioned value of their subleases. The court then reduced Dama's apportioned share of the proceeds by deducting the value of the subleases and awarded Dama only $59,000. The Wests were awarded the remainder of the settlement proceeds.
The Wests contend that neither Dama, Record Bar, nor Sunbelt should be allowed to share in the settlement proceeds since their possessory rights were terminated by the act of condemnation. While all possessory rights, including those of the Wests, were thus terminated, this circumstance does not negate the right to compensation. As leaseholders, Dama, Record Bar, and Sunbelt are entitled to share proportionately in the condemnation settlement proceeds for the value of their leasehold interests so taken. See Carter v. State Road Department, 189 So.2d 793 (Fla. 1966). In determining this value, on the record presented it was proper to consider the leaseholders' options for renewal. See State Road Department v. Tampa Bay Theaters Inc., 208 So.2d 485 (Fla. 1st DCA 1968).
In apportioning condemnation proceeds the court should divide the sum equitably between the parties to reflect the respective values of the encumbered fee and the leasehold interests. See generally, Parks Building Inc. v. Palm Beach County, 144 So.2d 830 (Fla. 2d DCA 1962). In finding that the value of Dama's leasehold interest was $147,500, the court relied upon a net benefit appraisal methodology which effectively deducted the sublease values from Dama's leasehold. The court's further reduction of Dama's award by again subtracting the sublease values was therefore improper. Under the appraisal methodology utilized, compensation for the subleases should have been apportioned from the total settlement proceeds so as to equitably divide this sum in accordance with the value of each party's interest in the property.
In denying prejudgment interest for the Wests' excess withdrawal of the settlement funds, the court indicated that the values established were not "liquidated sums." However, prejudgment interest should have been awarded since the verdict had the effect of fixing damages as of a prior date. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985); Bergen Brunswig Corp. v. State Department of Health and Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982).
The order appealed is reversed as to the amount of condemnation settlement proceeds awarded Dama and the Wests, and as to the denial of prejudgment interest upon the Wests' excess withdrawal of such funds. The order is otherwise affirmed, and the cause remanded for entry of an order consistent herewith.
WIGGINTON and NIMMONS, JJ., concur.

ON MOTION FOR REHEARING
WENTWORTH, Judge.
On motion for rehearing Dama, Record Bar, and the Wests all seek an award of appellate attorney's fees from the City of Tallahassee pursuant to section 73.131(2), Florida Statutes. While this statute provides for an assessment of attorney's fees we construe the enactment as not intended to authorize a fee for an appellate dispute which involves only a private apportionment of condemnation proceeds. In this regard we decline to extend the rationale of Orange State Oil Co. v. Jacksonville Expressway Authority, 143 So.2d 892 (Fla. 1st DCA 1962), to the assessment of appellate fees. Orange State addressed only the assessment of attorney's fees in the trial court and did not involve the statutory exception of section 73.131(2), Florida Statutes, for appeals taken by a defendant in which the judgment is affirmed. In the present case the judgment was affirmed as to the City of Tallahassee and an appellate fee is thus not authorized by section 73.131(2). But see Terry v. Conway Land Inc., 508 So.2d 401 (Fla. 5th DCA 1987). We therefore deny the parties' motions for rehearing.
WIGGINTON and NIMMONS, JJ., concur.