LETTS, Judge.
After a final judgment of condemnation, a dispute arose over the apportionment of the award among the owners/lessors and the long-term lessees. The owners claimed, under the condemnation clause of the lease, that they were entitled to that “portion of the award made for the land taken” unencumbered by the lease. The lessees argue that the value of the land should be subject to the lease. The trial court agreed with the latter interpretation. We reverse.
Both sides acknowledge that if there is no governing condemnation clause in the lease, the tenants in possession are entitled to share proportionately in the award for the land value of their leasehold interests taken. Dama v. Record Bar, Inc., 512 So.2d 206 (Fla. 1st DCA 1987), rev. denied, 519 So.2d 988 (Fla.1987). However, the parties can contract to do otherwise. Elmore v. Broward County, 507 So.2d 1220 (Fla. 4th DCA 1987).
The condemnation clause in this particular lease entitles the owners to receive the “portion of the award made for the land taken.” It does not provide that any such land would be valued as encumbered by the lease. The terms of the lease, failing to so provide, leads us to approve of and adopt the Second District’s reasoning in Palm Pavilion of Clearwater, Inc. v. Thompson, 458 So.2d 893 (Fla.2d DCA 1984), rev. denied, 464 So.2d 555 (Fla.1985)[1], wherein it was said:
The term “property” in the agreement was not restricted or narrowed by qualifying words, such as, “the landlord’s interest in the property” or “the fee as burdened by the lease.” We feel that to construe the agreement as though it contained such restrictive or narrowed language would amount to a judicial rewriting of the agreement which it is not our province to do. Id. at 894.
Though the facts are not on all fours, we acknowledge that our conclusion, based on Palm Pavilion of Clearwater, is apparently in conflict with an earlier opinion out of the Third District entitled Contos v. Lipsky, 433 So.2d 1242 (Fla.3d DCA 1983). We are also not insensitive to the cogent argument advanced by the lessees that in eminent domain proceedings, the lessors would receive a windfall if compensated as if the land were unencumbered because the lessors would have obviously only been able to sell the land at encumbered values if a third party purchaser rather than a condemning authority had been the buyer.
Notwithstanding, we believe the condemnation clause in this particular lease controls as we have already discussed, and the lessees are not entitled to be rescued from what may well have been a bad bargain. Fotomat Corporation of Florida v. Chanda, 464 So.2d 626 (Fla. 5th DCA 1985); Casto v. Casto, 508 So.2d 330 (Fla.1987).
Accordingly, we reverse and remand for the entry of an amended order on apportionment, in accordance herewith.
REVERSED AND REMANDED.
DELL and WARNER, JJ., concur.

. See also Lassiter v. Kaufman, 15 F.L.W. D419 (Fla. 4th DCA Feb. 14, 1990).