636 So.2d 131 (1994)
K-MART CORPORATION, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 93-01449.
District Court of Appeal of Florida, Second District.
April 22, 1994.
*132 Michael W. Gaines of Michael W. Gaines, P.A., Clearwater, for appellant.
Thorton J. Williams and Gregory G. Costas, Tallahassee, for appellee.
PATTERSON, Judge.
K-Mart Corporation appeals from a final order which dismisses it with prejudice as a party in this eminent domain action. We reverse because the trial court erred in interpreting the lease agreement to preclude any recovery by K-Mart.
K-Mart operates one of its retail stores on land it leases in Pinellas County. The Department of Transportation (DOT) initiated a condemnation action involving a partial taking of the leased property for the construction of an overpass on U.S. 19. The taking has resulted in K-Mart's loss of direct access to U.S. 19 and the loss of driveways and parking areas.
In its answer to DOT's petition, K-Mart asserted claims for severance and business damages. DOT filed no response in opposition or avoidance of K-Mart's claims. On the morning of trial, DOT filed and served a motion to dismiss K-Mart as a party to the action based on the bare assertion that K-Mart "has no right to compensation." The court continued the trial and set a hearing on the motion. DOT argued and the court agreed that the terms of K-Mart's lease restricted its recovery to a claim against the lessor. The court entered the order now under review which states, "[T]he Court grants Petitioner's Motion to Dismiss K-Mart and K-Mart is hereby dismissed with prejudice as a Party Defendant from this cause." DOT now concedes that the dismissal of K-Mart's claim for business damages was error. We determine that the dismissal in its entirety was error.
The diminution of a leasehold interest by governmental taking is compensable. State Road Dep't v. White, 148 So.2d 32 (Fla. 2d DCA 1962), cert. denied, 161 So.2d 828 (Fla. 1964). However, the lease agreement may limit or eliminate this right of compensation. See Simpson v. Fillichio, 560 So.2d 331 (Fla. 4th DCA), review dismissed, 574 So.2d 140 (Fla. 1990). The lease in this case contains two pertinent provisions. The first states that the lessee is precluded from sharing in any award made for a taking if the taking involves the "expropriation of landlord buildings on the demised premises." The trial court apparently relied on this provision in determining that K-Mart had no right to compensation. It is the second provision, however, which is controlling. That provision, in pertinent part, states that "the tenant's right to receive compensation or damages or to share in any award shall not be affected in any manner hereby if said compensation damages or award is made by reason of expropriation of the land." There is no factual dispute that the taking here involves only land and, therefore, K-Mart is entitled to be compensated.
Reversed and remanded with instructions that K-Mart be reinstated as a party to this action.
RYDER, A.C.J., concurs.
LAZZARA, J., concurs specially.
LAZZARA, Judge, concurring.
Although I am in complete agreement with the reasoning and result of the panel opinion, I write only to express my concern over the abnormal procedural manner in which the DOT litigated this condemnation action resulting *133 in the dismissal of K-Mart's claim for damages to its leasehold interest.
In an eminent domain proceeding involving the taking of property encumbered by a leasehold interest, the law is well settled that a jury is first called upon to consider evidence relating to the value of both the fee and leasehold interests, and it must evaluate each interest before rendering an inclusive verdict as to damages. Carter v. State Rd. Dep't, 189 So.2d 793 (Fla. 1966). After the jury verdict, the parties may then proceed to a hearing at which a trial court determines their proportionate rights to the jury's award. National Advertising Co. v. Florida Dep't of Transp., 611 So.2d 566 (Fla. 1st DCA 1991); § 73.101, Fla. Stat. (1993).[1] In apportioning the proceeds, the trial court must make an equitable distribution which reflects the respective values of the fee and leasehold interests. Dama v. Record Bar, Inc., 512 So.2d 206 (Fla. 1st DCA), review denied, 519 So.2d 988 (Fla. 1987). However, the sum of the amounts awarded to the parties cannot exceed the total value of the condemnation verdict. Valls v. Arnold Indus., Inc., 328 So.2d 471 (Fla. 2d DCA), cert. denied, 341 So.2d 1084 (Fla. 1976) and 342 So.2d 1104 (Fla. 1977).
It is also well established that in the absence of an agreement between a landlord/owner and a tenant in possession, the tenant is entitled to share proportionately in the condemnation award for the value of its leasehold interest. Simpson v. Fillichio, 560 So.2d 331 (Fla. 4th DCA), review dismissed, 574 So.2d 140 (Fla. 1990). However, the parties have a right to provide in their lease agreement the specific manner in which a condemnation award is to be apportioned between them. Elmore v. Broward County, 507 So.2d 1220 (Fla. 4th DCA 1987). If they dispute how the award is to be distributed, it is resolved at the apportionment hearing. See Simpson.
In the face of this firmly entrenched law, the DOT proceeded successfully to deprive K-Mart of its rights to have a jury first make an independent assessment of the value of the damages to its leasehold and then to have the trial court make an equitable distribution consistent with the condemnation terms of its lease.
Initially, DOT settled with the mortgageholder of the property,[2] and then proceeded to obtain a stipulated final judgment. The judgment awarded a sum certain "as full compensation for the condemnation of parcel 114 and for all damages and claims of the defendants." (emphasis added).[3] The DOT took these actions without any notice to K-Mart even though it had made K-Mart a party defendant and was aware of its leasehold interest in this parcel, as well as its claim for damages. Then, although it was a complete stranger to K-Mart's lease, it invoked the lease provisions described in the panel opinion and successfully convinced the trial court to dismiss K-Mart as a party defendant.
It is basic Florida contract law that when a contract is designed solely for the benefit of the contracting parties, a third party cannot enforce its provisions even though the third party may derive some incidental or consequential benefit from the enforcement. Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985); Muravchick v. United Bonding Ins. Co., 242 So.2d 179 (Fla. 3d DCA 1970). The exception to this rule occurs when the parties to the contract clearly express their intent to create a right under the contract primarily and directly benefiting a third party. Warren v. Monahan Beaches Jewelry Ctr., Inc., 548 So.2d 870 (Fla. 1st DCA 1989).
In this case, I can find nothing in the condemnation lease provisions or the record to suggest that the parties to this lease ever intended to confer on a third party condemning authority such as the DOT the right to *134 enforce these provisions in a condemnation action. See Computer Ctr., Inc. v. Vedapco, Inc., 320 So.2d 404 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976). Thus, in my opinion, DOT lacked standing under the law to invoke these provisions as a basis to dismiss K-Mart's claim for damages.[4]See Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683 (Fla. 3d DCA 1986).
As was the case in National Advertising, I also find this case to be "an aberration from the normal course of proceedings in eminent domain." 611 So.2d at 569. In my view, the procedure used by the DOT in this case should not be repeated in the future. All it has done is prolong, at taxpayers' expense,[5] as well as at the expense of judicial economy, what should have been a normal eminent domain case.
NOTES
[1] This statute has remained unchanged since its amendment in 1965. See Ch. 65-369, § 1, Laws of Fla.
[2] In accordance with the terms of the mortgage, the property owner assigned its interest in the condemnation proceeds to its mortgagee.
[3] Another trial judge entered this judgment, but then set it aside because at the time of its entry K-Mart had a pending motion to disqualify him from the case.
[4] I find it significant that there is also nothing in the record to establish that either the owner or the mortgagee ever invoked these provisions to deny K-Mart's entitlement to share in the proceeds of any award.
[5] We were required to grant K-Mart's motion for attorney's fees incurred for this appeal. See § 73.131(2), Fla. Stat. (1993).